IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED AUG 20 2020 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **UNDER SEAL** |
| | ) |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) Criminal No. 1:20-cr-193 |
| a/k/a "Ikar Lesnikov," | ) |
| | ) |
| Defendant. | ) |

GOVERNMENT'S MOTION TO SEAL
INDICTMENT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the indictment, arrest warrant, Motion to Seal, and proposed Order (collectively, "indictment materials") until the defendant makes an initial appearance, unless the government moves to unseal before that time.

I.     **REASONS FOR SEALING** (Local Rule 49(B)(1))

1.     As alleged in the indictment, the defendant, a former member of the U.S. Army and U.S. Special Forces, has been charged with conspiring to communicate U.S. national defense information to agents of a Russian intelligence service, in violation of Title 18, United States Code, Section 794(a), (c). In a series of interviews in 2019, the defendant admitted to the FBI that he periodically met with and provided information to the Russian intelligence service between 1996 and 2010. During these meetings, the defendant provided information about, among other things, his military units, his Special Forces deployment to Azerbaijan, and his former Special Forces team members to evaluate whether they would be amenable to cooperation with the Russian intelligence service. In providing information about his

deployment to Azerbaijan, the defendant disclosed information that an original classification authority at U.S. Special Operations Command has determined was (and remains) classified SECRET//NOFORN, meaning that unauthorized disclosure of the information reasonably could be expected to cause serious damage to the national security. To the government's knowledge, the defendant knows that the U.S. government is investigating his admissions but not necessarily that it is conducting a criminal investigation into him for this offense, much less that it is planning to charge him.

2.  Premature disclosure of the charges would jeopardize the investigation. It could cause the defendant and his co-conspriators to flee from prosecution, intimidate or harm potential witnesses, and destroy potential evidence. These concerns are particularly acute here, as the charge involves the defendant's collaboration with a sophisticated foreign intelligence agency and the defendant has family ties to Russia.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3.  Federal Rule of Criminal Procedure 6(e)(4) provides that "[t]he magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." The Fourth Circuit has read Rule 6(e)(4) to allow a "judicial officer [to] grant the Government's motion to seal [an indictment] for any legitimate prosecutorial need," including, but not limited to, "the need to take the defendant into custody." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986); *see also United States v. Ellis*, 622 F.3d 784, 792-93 (7th Cir. 2010) ("Under Federal Rule of Criminal Procedure 6(e)(4), a district court's power to seal an indictment is broad; sealing an indictment is generally permitted when it is in the public interest or serves a legitimate law-enforcement purpose."); *United States v. DiSalvo*, 34 F.3d 1204, 1218 (3d Cir. 1994) ("An indictment may be sealed for any legitimate law enforcement reason or where the public interest requires it."); *United States v.*

*Lakin*, 875 F.2d 168, 171 (8th Cir. 1989) ("[A] judicial officer may grant the government's request to seal an indictment for any legitimate prosecutorial objective or where the public interest otherwise requires it.").

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The indictment materials would need to remain sealed until the defendant makes an initial appearance, unless the government moves to unseal before that time. The government seeks to maintain the indictment materials under seal until the defendant's initial appearance in case the defendant decides to cooperate with the government upon arrest and his cooperation would be served by keeping the indictment materials under seal. To the extent that the defendant does not agree to cooperate, or his cooperation would not be served by keeping the indictment materials under seal, the government will move to unseal.

5. Upon the initial appearance of the defendant, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment materials be sealed until the defendant makes an initial appearance, unless the government moves to unseal before that time. The United States further requests that it be allowed to disclose the indictment materials as necessary to execute the arrest warrant, including by disclosing the indictment materials to agents and employees of the Federal Bureau of Investigation, the U.S. Department of Defense (as Army Counterintelligence is also participating in the investigaiton of this offense), and the United States Marshals Service.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____
Thomas W. Traxler
Assistant United States Attorney