# **EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:20-CR-193 |
| PETER RAFAEL DZIBINSKI DEBBINS, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon motion of the United States, and with the consent of the defendant, this matter is before the Court on a request to certify this case as complex under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii). Under the Speedy Trial Act, trial of a defendant charged in an indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Nonetheless, this Court may schedule a trial beyond the 70-day time limit of the Speedy Trial Act where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice are so served, this Court shall consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C.

§ 3161(h)(7)(B)(ii). Under this standard, this case is sufficiently complex to render a trial date outside the normal Speedy Trial limits appropriate.

The indictment charges the defendant with one count of conspiracy to gather or deliver defense information to aid a foreign government, in violation of 18 U.S.C. § 794(a), (c). The conspiracy charge spans an almost fourteen-year period, from December 1996 to January 2011. Many of the allegations in the indictment describe conduct that occurred outside of the United States, namely, in Russia.

The government has advised the Court that this case will involve voluminous discovery. Specifically, the government has advised that discovery will include, among other things, data from nineteen electronic accounts and dozens of electronic devices and storage media seized from the defendant's residences in Virginia and the United Kingdom, recordings of multiple interviews that law enforcement agents conducted of the defendant, and records of numerous other witness interviews and other documentary evidence collected over the course of the investigation. According to the government, some of this discovery will be classified, which defense counsel will have to review in a sensitive compartmented information facility (SCIF).

In addition, the parties have advised the Court that this case will likely require litigation under the Classified Information Procedures Act (CIPA), Title 18, United States Code, App. 3. The parties accordingly have requested that the pretrial schedule allow for sufficient opportunity to review the above-described discovery and engage in any necessary CIPA litigation.

Finally, the government has advised the Court that some of the evidence in this case was obtained from foreign nations and that it might need to call foreign witnesses to testify at trial.

Based on these representations, the Court finds that full discovery production and

preparation of trial will be sufficiently time-consuming to render it "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the time limits established by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, it is hereby

ORDERED that this case be designated as complex and that the ends of justice are best served by scheduling a trial date beyond the 70-day deadline of the Speedy Trial Act.

_____
Honorable Claude M. Hilton
United States District Judge

Date: _____

Alexandria, Virginia

We ask for this:

G. Zachary Terwilliger
United States Attorney

_____  By: _____
David Benowitz                       Thomas W. Traxler
Counsel for Defendant                James L. Trump
                                     Assistant United States Attorneys

x _____    David Aaron
Peter Rafael Dzibinski Debbins       Trial Attorney, National Security Division
Defendant                            U.S. Department of Justice

3