IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) No. 1:20-CR-193 |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) |
| | ) |
| Defendant. | ) |

<u>PROTECTIVE ORDER</u>

Upon joint request of the United States and the defendant, and the Court having found, based upon the applicable federal rules and statutes, that there is good cause for restricting the disclosure and dissemination of the documents and information produced and to be produced by the United States to the defendant as part of its discovery obligations in this case, it is hereby:

ORDERED that as used in this Order, the term "Protected Materials" means materials that are produced to the defense by the government, which include the following: (1) documents containing information described in FED. R. CRIM. P. 49.1; (2) documents subject to controlled usage and disclosure, such as documents that are "Law Enforcement Sensitive" or "For Official Use Only"; (3) documents that have been filed under seal with the court and continue to be maintained under seal, such as copies of search warrants and affidavits that were executed during the course of this investigation; (4) documents related to ongoing investigations that should not be publicly disclosed because disclosure may cause the subjects of those investigations to flee, destroy evidence or otherwise obstruct justice; and (5) documents that may be within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), such as transcripts of witness testimony.

ORDERED that the government shall disclose Protected Materials to the defendant's attorneys as necessary to comply with its discovery obligations;

ORDERED that, to designate material covered by this Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on digital storage media cover or label, by using the following designation: "PROTECTED MATERIAL";

ORDERED that access to Protected Materials shall be restricted to persons authorized by this Order; namely the defendant, the defendant's attorneys of record, and attorneys, paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing work on behalf of the defendant (collectively, the "defense team");

ORDERED that the following restrictions are placed on the individuals described in the preceding paragraph, unless and until further ordered by the Court. These individuals shall not:

a.   make copies of Protected Materials for, or allow copies of any kind to be made by, any other person;

b.   allow any other person to read Protected Materials (provided, however, that as necessary in preparing to defend against the charges in the indictment, Protected Materials may be shown to a witness once any information described above has been redacted);

c.   use the Protected Materials or any information contained therein for any purpose other than preparing to defend against the charge in the indictment; or

d.   file the Protected Materials with, or submit them to, the Court, or reproduce their contents in any court filing, unless the document or filing is placed under seal or all information that would disclose protected information within the document or filing has been removed;

ORDERED that the Protected Materials, and the content therein, may not be disseminated or shared with anyone who resides or is located outside of the United States, or is a national or representative of the Russian Federation or any other foreign country;

ORDERED that the defendant's attorneys shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order;

ORDERED that nothing in this Order shall restrict the use or introduction as evidence by the defendant's attorneys of Protected Materials during, or in preparation for, the trial of this matter, except that the defense team will notify the government prior to trial of any contents of the discovery materials that it wishes to introduce at trial so that the government may seek an additional order sealing the documents and information contained therein from public disclosure as necessary. The defendant's attorneys must redact any information described above in the Protected Materials in accordance with FED. R. CRIM. P. 49.1;

ORDERED that upon conclusion of this action, the defendant's attorneys shall return to the attorneys for the government, or destroy and certify to the attorneys for the goverment the destruction of, all Protected Materials within a reasonable period of time, not to exceed thirty days after the last appeal is final;

ORDERED that this Order shall not prevent any party from seeking modification of these terms or from objecting to discovery, or lack thereof, that it believes to be otherwise improper; and

ORDERED that this Order applies only to unclassified documents and information. Any and all rulings relating to discovery and use of classified documents and information will be addressed in other filings and Court Orders, including filings and orders pursuant to the Classified Information Procedures Act, 18 U.S.C. App. 3.

3

Date: _Sept. 4, 2020_
　　　Alexandria, Virginia

_Claude M. Hilton_
Honorable Claude M. Hilton
United States District Judge


WE ASK FOR THIS:


G. Zachary Terwilliger
United States Attorney

By: _____
Thomas W. Traxler
James L. Trump
Assistant United States Attorneys


_____
David Benowitz
Counsel for Defendant


4