1

```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                   ALEXANDRIA DIVISION


UNITED STATES OF AMERICA     )
                             )
                             )
    VS.                      )    1:20-CR-193   CMH
                             )
                             )    ALEXANDRIA, VIRGINIA
                             )    NOVEMBER 18, 2020
                             )
Peter Rafael Dzibinski Debbins )
_____)
```

---

**TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE**

---

**Proceedings reported by stenotype, transcript produced by Julie A. Goodwin.**

Julie A. Goodwin, CSR, RPR

```
 1                    A P P E A R A N C E S

 2


 3   FOR THE PLAINTIFF:
         UNITED STATES ATTORNEY'S OFFICE
 4       By:  MR. THOMAS W. TRAXLER
         MR. JAMES L. TRUMP
 5       Assistant U.S. Attorneys
         2100 Jamieson Avenue
 6       Alexandria, Virginia  22314
         703.299.3746
 7       thomas.traxler@usdoj.gov

 8       U.S. DEPARTMENT OF JUSTICE
         NATIONAL SECURITY DIVISION
 9       By:  MR. DAVID AARON
         Trial Attorney
10       950 Pennsylvania Avenue NW
         Washington, DC  20530
11       202.307.5190
         david.aaron2@usdoj.gov
12


13

14   FOR THE DEFENDANT:
         PRICE BENOWITZ LLP
15       By:  MR. RAMMY BARBARI
         409 Seventh Street NW
16       Suite 200
         Washington, DC  20004
17       202.870.0139
         rammy@pricebenowitz.com
18


19

20   OFFICIAL U.S. COURT REPORTER:
         MS. JULIE A. GOODWIN, CSR, RPR
21       United States District Court
         401 Courthouse Square
22       Eighth Floor
         Alexandria, Virginia  22314
23

24

25
```

(NOVEMBER 18, 2020, 9:02 A.M., OPEN COURT.)

THE COURTROOM DEPUTY: Criminal Action Number 2020-CR-193, *United States of America versus Peter Rafael Dzibinski Debbins*.

MR. TRAXLER: Good morning, Your Honor. Thomas Traxler on behalf of the United States. And behind me at counsel's table are Jim Trump, and David Aaron from the U.S. Department of Justice, National Security Division, also on behalf of the United States.

THE COURT: All right. Good morning.

MR. BARBARI: Good morning, Your Honor. Rammy Barbari on behalf of Mr. Peter Debbins, who is present.

THE COURT: Good morning.

Let the defendant be sworn.

(THE OATH WAS ADMINISTERED TO THE DEFENDANT.)

THE COURT: All right. Mr. Debbins, you've now been placed under oath. I'm going to ask you certain questions concerning the plea and the offense itself. You understand if you give any false answers to any of these questions you could subject yourself to a charge of perjury?

THE DEFENDANT: I understand.

THE COURT: Would you state your full name.

THE DEFENDANT: Peter Rafael Dzibinski Debbins.

THE COURT: And how old are you?

THE DEFENDANT: 45.

1   THE COURT: And what is the extent of your education?
2   THE DEFENDANT: Master's degree.
3   THE COURT: Now, have you reviewed the plea agreement,
4   which has been signed by you and your counsel on the one hand
5   and the government on the other?
6   THE DEFENDANT: Yes.
7   THE COURT: And does it contain the entire
8   understanding you've reached with the government in this
9   matter?
10   THE DEFENDANT: Yes.
11   THE COURT: Now, have you received a copy of the
12   indictment and gone over it with your attorney?
13   THE DEFENDANT: Yes.
14   THE COURT: You understand count one of this
15   indictment charges you with a conspiracy to gather or deliver
16   defense information to aid a foreign government?
17   THE DEFENDANT: Yes.
18   THE COURT: You understand in order to convict you of
19   this offense the government would have to prove beyond a
20   reasonable doubt that you did conspire with others, that you
21   conspired to gather or deliver defense information to aid a
22   foreign government, and that you did so knowingly, willfully,
23   and intentionally?
24   THE DEFENDANT: Yes.
25   THE COURT: Have you told your attorney all the facts

about the case that you know?

THE DEFENDANT: Yes.

THE COURT: Do you feel you've had a sufficient length of time to confer with your attorney in order to fully understand the case?

THE DEFENDANT: Yes.

THE COURT: Are you satisfied with the representation your attorneys have given you?

THE DEFENDANT: Yes.

THE COURT: Now, you understand if your plea is accepted you could be imprisoned up to a maximum term of life in prison, pay a fine of up to $250,000, serve up to five years of supervised release, in addition to paying a special assessment fine of $100?

THE DEFENDANT: Yes.

THE COURT: And you understand that any sentence that may be imposed will be affected by the Sentencing Guidelines. That if you violate any of the terms and conditions of your supervised release, you would have to serve that period of time?

THE DEFENDANT: Yes.

THE COURT: And you understand in this plea agreement you're waiving any rights you may have to appeal the sentence that may be imposed?

THE DEFENDANT: Yes.

THE COURT: Now, do you also understand that you have an absolute right to plead not guilty?

THE DEFENDANT: Yes.

THE COURT: And you understand that if you did plead not guilty, you have certain constitutional guarantees: That is the right to a speedy and public trial with a jury, if you want a jury; the right not to testify and to remain silent, unless you want to testify; the right to see, hear, and cross-examine all witnesses against you; the right to use the process of this court to compel the production of evidence and attendance of witnesses in your behalf; and the right to the assistance of a lawyer at all stages of the proceedings? You understand that by pleading guilty you're giving up these constitutional guarantees?

THE DEFENDANT: Yes.

THE COURT: Do you understand that by pleading guilty the Court may impose the same punishment as if you had been tried and convicted by a court or by a jury?

THE DEFENDANT: Yes.

THE COURT: All right. Now, has anyone made any promise or threat to induce you to plead guilty?

THE DEFENDANT: No.

THE COURT: Now along with this plea agreement was filed and handed to me a statement of facts. Have you reviewed this statement?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  Have you reviewed it with your attorney?
 3                THE DEFENDANT:  Yes.
 4                THE COURT:  Do you disagree in any particular with
 5   this statement of facts?
 6                THE DEFENDANT:  No.
 7                THE COURT:  Is what this statement says happened, in
 8   fact, what did happen?
 9                THE DEFENDANT:  Yes.
10                THE COURT:  All right.  Now, you understand that once
11   you've pled guilty you cannot refuse to testify against any
12   confederates, accomplices, or co-defendants who may now or
13   hereafter be charged with the same or associated crime?
14                THE DEFENDANT:  Can you say that again?
15                THE COURT:  You understand once you've pled guilty you
16   could not refuse to testify against any confederates,
17   accomplices, or co-defendants who may now or hereafter be
18   charged with the same or associated crime?
19                THE DEFENDANT:  Yes.
20                THE COURT:  And you understand that by pleading guilty
21   you waive the right to object to any question concerning the
22   legality of the admission or seizure of any connection with
23   this charge?
24                THE DEFENDANT:  Yes.
25                THE COURT:  And you understand that if your plea is
```

8

1 accepted now there will be no further trial of any kind and
2 you'll be found guilty?
3     THE DEFENDANT:  Yes.
4     THE COURT:  All right.  Do you make any claim that you
5 are innocent of the charge contained in count one of this
6 indictment?
7     THE DEFENDANT:  No.
8     THE COURT:  Then how do you plead?
9     THE DEFENDANT:  Guilty.
10     THE COURT:  The Court finds the plea is voluntarily
11 and intelligently entered.  There's a factual basis to support
12 the plea.  Finds the defendant guilty of the charge contained
13 in count one of this indictment.
14     Is February 26 a good day for sentencing?
15     MR. TRAXLER:  Yes, for the government, Your Honor.
16     MR. BARBARI:  That should be fine, Your Honor.
17     THE COURT:  All right.  Case be continued to February
18 the 26 at 9:00 a.m. for sentencing.  It's referred to the
19 probation office for preparation of a presentence report.
20     All right.  We'll adjourn until tomorrow morning at
21 9:30.
22     THE LAW CLERK:  All rise.
23     (PROCEEDINGS CONCLUDED AT 9:09 A.M.)
24     -oOo-
25

Julie A. Goodwin, CSR, RPR
11/18/20

1 UNITED STATES DISTRICT COURT )
2 EASTERN DISTRICT OF VIRGINIA )
3
4        I, JULIE A. GOODWIN, Official Court Reporter for
5 the United States District Court, Eastern District of Virginia,
6 do hereby certify that the foregoing is a correct transcript
7 from the record of proceedings in the above matter, to the best
8 of my ability.
9        I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action in
11 which this proceeding was taken, and further that I am not
12 financially nor otherwise interested in the outcome of the
13 action.
14        Certified to by me this 10TH day of MARCH, 2021.
15
16
17
18        __/s/_____
       JULIE A. GOODWIN, RPR
19        Official U.S. Court Reporter
       401 Courthouse Square
20        Eighth Floor
       Alexandria, Virginia 22314
21
22
23
24
25