IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) Case No. 1:20-cr-193-CMH |
| a/k/a "Ikar Lesnikov," | ) |
| | ) |
| Defendant. | ) |

**SEALING ORDER**

This matter having come before the Court on the Government's Motion to Seal pursuant to Local Criminal Rule 49(E) and for good cause shown, the Court finds:

1. The government seeks to file Exhibit A, Exhibit D, and Exhibit E, and unredacted versions of Exhibit F and Exhibit G (collectively, the "Protected Exhibits") to the Government's Position on Sentencing under seal because they discuss nonpublic information and evidence. The declaration filed as Exhibit A contains personal information that the defendant provided to Russian intelligence agents about his former Special Forces team members, details about the positions that the defendant applied for in the U.S. intelligence community, identifying information about a potential co-conspirator, and other nonpublic details about the nature, type, and sources of the government's evidence in this case. The declarations marked as Exhibits D and E, which have been filed with the assistance of the Classified Information Security Officer, contain classified information. The redacted portion of Exhibit F, a letter from one of the Special Forces operators whose name the defendant disclosed, contains identifying information about the

operator. And the redacted portion of Exhibit G contains the telephone number for Major General John Brennan.

2.  Sealing the Protected Exhibits is necessary to protect ongoing investigations, the safety of individuals, and U.S. national security, particularly because this espionage conspiracy involves a sophisticated foreign intelligence agency.

3.  This Court has the inherent power to seal materials submitted to it. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (recognizing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

4.  The government requests that the Protected Exhibits be sealed until unsealed by order of the Court.

For the foregoing reasons it is hereby:

ORDERED that the government's Motion to Seal is GRANTED, and it is

FURTHER ORDERED that the Protected Exhibits filed with the Court on May 7, 2021, shall be maintained under seal and will remain under seal until unsealed by order of the Court, and it is

FURTHER ORDERED that the Clerk provide a copy of this Order to counsel of record.

ENTERED this \_\_\_\_ day of May, 2021.

_____
THE HONORABLE CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE