IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER RAFAEL DZIBINSKI | ) | Case No. 1:20-cr-193-CMH |
| DEBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

In his sentencing submissions, the defendant, Peter Rafael Dzibinski Debbins, has further

demonstrated why the Court should impose a substantial guidelines sentence in this case.  The

Government submits this pleading to make three points based on Debbins's submissions:

1. Debbins has made numerous mitigating statements—in his letter to the Court and as part of the psychiatric assessment—that conflict with his admissions in the Statement of Facts and to the Federal Bureau of Investigation (FBI).  Most prominently, Debbins's claims that the Russian intelligence agents threatened him and held his same-sex attraction over his head are in direct contrast to what he told the FBI during the investigation, when he had every reason to share such mitigating facts.  Contrary to his current story, Debbins told the FBI that the Russian intelligence agents procured his cooperation primarily by validating his meaning as a "loyal son of Russia."

2. Debbins's statements further reflect that he has not accepted responsibility for his conduct beyond entering the guilty plea.  In his letter to the Court, he casts himself as the victim, expresses remorse about participating in the interviews with the FBI rather than for the consequences of his conduct, and attempts to minimize and excuse his participation in this serious espionage offense.

3. 

The Government submits that Debbins's failure to accept responsibility for his conduct and false statements support a guidelines sentence of seventeen years.[1]

## A.    Debbins's False Statements

The most prominent of Debbins's inconsistent statements relate to his motivations for conspiring with the Russian intelligence agents.  In his letter to the Court, Debbins claims that the Russian intelligence agents overtly and subtly threatened him.  *See* Def.'s Mem. in Aid of Sentencing Ex. A, at 1 (May 7, 2021) (Dkt. No. 47-1) (hereinafter, "Def.'s Ltr.").  According to Debbins, they told him that they could "eliminate [him] anywhere in the world and that someone would end up finding [his] corpse in the trunk of a car."  *Id.*  Debbins similarly claims that they "mentioned examples of others being imprisoned for their refusal to acquiesce to their propositions."  *Id.*

Debbins's admissions to the FBI contradict his current statements to the Court about being threatened.  In his interviews with the FBI, Debbins denied that the Russian intelligence agents threatened or blackmailed him.  *See* Ex. A, ¶ 5.  While he told the FBI that the Russian intelligence agents informed him of the consequences of being in Russia without a visa in 1996, he clarified that they did not link those statements to his cooperation.  *See id.* ¶¶ 5-6.  He never indicated that he was threatened in the manner described in his letter to the Court.  *See id.* ¶¶ 4-9.

Debbins also states in his letter that, "[d]uring the 1997 meeting, one of the GRU told [him] they knew of [his same-sex attraction]."  Def.'s Ltr. 1.  But this again is inconsistent with what he told the FBI.  In his interviews with the FBI, Debbins stated that the Russian intelligence agents

---

[1] The Government does not request that the Court revise the guidelines calculation to take away the 3-level reduction that the probation officer credited Debbins for his timely plea under U.S.S.G. § 3E1.1.  Instead, the Government asks the Court to consider Debbins's failure to accept responsibility and false statements in imposing a substantial sentence within the guidelines range, pursuant to 18 U.S.C. § 3553(a).

never hinted that they knew about his homosexual interests—he just assumed that they did—and that they never tried to blackmail him. *See* Ex. A, ¶¶ 11-12.

The Court should treat these inconsistent (and unsworn) statements in Debbins's letter as disingenuous, self-serving attempts to minimize the offense to procure a lenient sentence. If the Russian intelligence agents had threatened him or expressly held his same-sex attraction over him to procure his cooperation, he would have told the FBI. He had no reason to conceal these mitigating facts from the FBI during the investigation, particularly when the topics were expressly discussed. In fact, when the FBI asked Debbins to identify the "biggest thing" that the Russian intelligence agents "used, overtly, covertly, implicitly, to encourage the relationship," Debbins answered that the Russian intelligence agents "just let [him] feel validated . . . as a loyal son of Russia." *Id.* ¶ 13.

In addition, Debbins has made mitigating statements in his letter that are inconsistent with admissions that he made in his sworn Statement of Facts—the truthfulness of which he verified to the Court under oath in the plea colloquy. For example, in his letter, Debbins states that after leaving active service he "was not bitter at the Army but at [himself], [his] situation," and that "[i]n 2008, [he] went to Russia to explore the possibility of setting up a commercial company that could be a means to fight against the Kremlin and regain [his honor] as an American." Def.'s Ltr. 2. These statements cannot be reconciled with Debbins's admission in his Statement of Facts that he "provided information to the Russian intelligence agents in 2008 at least in part because he was angry and bitter about his time in the U.S. Army," because he "thought that Russia needed to be built up and that America needed to be 'cut down to size,'" and because "he wanted to obtain the Russian intelligence service's assistance in doing business in Russia." Statement of Facts ¶ 49 (Nov. 18, 2020) (Dkt. No. 35) (hereinafter, "SOF").

3

Again, the Court should disregard Debbins's self-serving statements that conflict with what he previously admitted. His sworn admissions in his Statement of Facts, which he verified in open court, "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The unsworn statements in his letter do overcome the presumption that he admitted the truth in his Statement of Facts. They are simply a misleading effort to minimize the offense.

Finally, Debbins suggests that he failed a "2019 FBI polygraph" because he "thought [his] wife and daughter were working for the GRU." Def.'s Ltr. 3. As explained in the attached declaration, the FBI administered a polygraph to Debbins in October 2019 to determine whether he continued to conspire with Russian intelligence after 2011. *See* Ex. A, ¶¶ 15-16. In prior interviews, Debbins had denied (and, as reflected in his submissions, continues to deny) that he cooperated with the Russian intelligence agents after the 2010 timeframe. *See id.* ¶ 15. The FBI therefore asked Debbins questions in the polygraph concerning whether he continued having contact with Russian intelligence after 2011. *See id.* ¶ 16. Debbins failed this polygraph.[2] *See id.* In the post-polygraph interview, Debbins did not mention any concerns about his wife and daughter when explaining why he thought he failed the polygraph. *See id.* ¶ 17.

### B.    Debbins's Failure to Accept Responsibility for His Conduct

Debbins's submissions reflect that he has failed to accept responsibility for his conduct beyond entering the guilty plea. Instead, Debbins casts himself as the victim in this case, as demonstrated in the first line of his letter asking the Court for "leniency . . . to end [his] tragic ordeal" and "for the safety of our country." Def.'s Ltr. 1. In a particularly revealing passage, Debbins blames the FBI for his current predicament:

---

[2] The government includes the information that Debbins failed this polygraph examination solely to provide the context of Debbins's inconsistent statement in his letter, not as a factor to be considered in determining Debbins's sentence.

> I fully cooperated with the DIA and FBI. I disclosed without a lawyer because I want to tell my country everything and protect others from falling victim like I did. I told the FBI that I was a victim of GRU manipulation and believed my country would honor my honesty, patriotism, and contriteness and "insulate, not isolate" me. I was wrong and am facing the consequences of my actions as I stand before this Court.

*Id.* at 3.[3] As this passage reflects, Debbins is remorseful primarily because he admitted his criminal conduct to the FBI, not because of his actions in betraying his country or the consequences thereof.

Debbins, moreover, fails to acknowledge the potential harm that he caused to U.S. national security and the risks that he created for his fellow servicemembers. In its sentencing paper, the Government has demonstrated the potential harm from Debbins's conduct and offered evidence to support it. *See* Gov't's Position on Sentencing 18-20 (May 7, 2021) (Dkt. No. 41). Rather than addressing the potential consequences of his actions, Debbins devotes the bulk of his letter to downplaying the seriousness of the offense and creating excuses for his conduct.

A telling example is how he describes the 2008 meeting with the Russian intelligence agents—the meeting in which he disclosed classified, national defense information and the names and information about his fellow servicemembers. *See* SOF ¶¶ 45-49. In describing the information that he provided, Debbins simply states, "I didn't volunteer any information. I only verbally answered their inquiries and disclosed what I believe they already knew. I believed they knew my teammates names from my emails intercepted through their surveillance system. But I told them that my teammates were faithful to America." Def.'s Ltr. 2. Debbins does not express remorse for disclosing classified information or the potential harm that his disclosure caused to

---

[3] ████████████████████████████████████████████████████████████████████████████████████████████

national security.  Nor does he express concern for the fellow servicemembers whose names and information he provided to the Russian intelligence agents to use in deciding whether to try to recruit them.  Debbins focuses only on making excuses for his conduct.

Even then, Debbins's explanation is incomplete and misleading.  For example, in his Statement of Facts, Debbins admitted that he provided the classified information with "inten[t] and . . . reason to believe that this information was to be used to the injury of the United States and to the advantage of Russia."  SOF ¶ 47.  And he has admitted that, in addition to the names of his former teammates, he provided other information about them and identified at least one whom he thought the Russian intelligence agents could approach.  *See id.* ¶ 48; Gov't's Position on Sentencing, Ex. A, ¶¶ 4-8 (describing information about team members that Debbins admitted to providing the Russian intelligence agents).  Debbins presumably omits these details because they do not fit with the misleading narrative that he offers to excuse his conduct.

Of particular concern, when describing his intent in his letter, Debbins makes mitigating statements that are incompatible with his sworn admissions before this Court when pleading guilty.  The most striking example is Debbins's statement in his letter that his "actions had no malicious intent nor reason to believe that [he] wished harm would come to our country."  Def.'s Ltr. 3.  Debbins similarly states that "[t]hroughout [his] whole life [he has] not had any guile and malice, and desired only to do good especially for [his] country."  *Id.*

Debbins admitted just the opposite in his sworn admissions when pleading guilty.  In his Statement of Facts, Debbins admitted that he participated in the espionage conspiracy "with the intent and reason to believe that such documents, writings, and information were to be used to the injury of the United States and to the advantage of a foreign government, namely, Russia."  SOF ¶ 1.  And he specifically admitted that, when providing classified information to the

6

Russian intelligence agents in 2008, he "intended and had reason to believe that this information was to be used to the injury of the United States and to the advantage of Russia." *Id.* ¶ 47. Rather than expressing remorse for acting with this criminal intent, Debbins attempts to disclaim it altogether in his letter to the Court, which is incompatible with acceptance of responsibility.











\*\*\*\*\*\*

For the foregoing reasons, the Government submits that Debbins's submissions further support a sentence of seventeen years.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By:       _____/s/_____

Thomas W. Traxler
James L. Trump
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov


_____/s/_____
David Aaron
Trial Attorney, National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone (202) 307-5190
Facsimile (202) 532-4251
Email: David.aaron2@usdoj.gov

14

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of May, 2021, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system.  I further certify that on the 11th day of May,

2021, I caused an unredacted version of the foregoing document to be sent to the following via

electronic mail:

David Benowitz
Counsel for Peter Rafael Dzibinski Debbins
David@pricebenowitz.com


_____/s/_____
Thomas W. Traxler
Assistant United States Attorney