IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) ) | Case No. 1:20-cr-193-CMH |
| a/k/a "Ikar Lesnikov," | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION TO SEAL AND SUPPORTING MEMORANDUM
PURSUANT TO LOCAL CRIMINAL RULE 49(E)

The United States, through undersigned counsel, submits this Motion to Seal pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, and asks for an Order sealing the unredacted version of the Government's Response to Defendant's Memorandum in Aid of Sentencing, which will be filed with the Clerk's Office on May 11, 2021 (hereinafter, "Government's Response Brief"). The Government's Response Brief will be filed under seal pursuant to Local Rule 49(E), which provides that the filings are to be treated as sealed pending the outcome of this motion to seal.

The United States seeks to file the Government's Response Brief under seal because it contains information from two filings that the Court recently sealed at the request of the defense. *See* Order (May 10, 2021) (Dkt. No. 52). As the defense explained in its motion to seal, those filings contained confidential health information regarding the defendant. *See* Def.'s Mot. for Leave to File Sealed & Redacted Material (May 7, 2021) (Dkt. No. 48).

This Court has the inherent power to seal materials submitted to it. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect

1

and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (recognizing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

    The United States has considered alternatives less drastic than sealing. It has filed a redacted version of the Government's Response Brief on the public docket. The unredacted version of the Government's Response Brief should remain sealed until further Order of the Court.

    A proposed sealing order is submitted herewith for the convenience of the Court.

                Respectfully submitted,

                Raj Parekh
                Acting United States Attorney

By:       /s/

                Thomas W. Traxler
                James L. Trump
                Assistant United States Attorneys
                United States Attorney's Office
                2100 Jamieson Avenue
                Alexandria, VA 22314
                Telephone (703) 299-3746
                Facsimile (703) 299-3980
                Thomas.traxler@usdoj.gov


                   /s/
                David Aaron
                Trial Attorney, National Security Division
                U.S. Department of Justice
                950 Pennsylvania Avenue NW
                Washington, DC 20530
                Telephone (202) 307-5190
                Facsimile (202) 532-4251
                Email: David.aaron2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 11th day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                                            /s/
                              Thomas W. Traxler
                              Assistant United States Attorney