IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) | No. 1:20-cr-193 (CMH) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S PRO SE MOTION TO WITHDRAW HIS GUILTY PLEA**

The defendant, Peter Rafael Dzibinski Debbins, has filed a *pro se* motion to withdraw his guilty plea. He provides no reasons for the motion. The United States asks the Court to deny the motion without further briefing or argument.

On November 18, 2020, the defendant pleaded guilty to conspiracy to gather or deliver defense information to aid a foreign government, in violation of Title 18, United States Code, Sections 794(a) & (c). *See* Plea Agreement (Nov. 18, 2020) (Dkt. No. 34). Almost six months later, on May 14, 2021, this Court sentenced the defendant to 188 months of imprisonment, followed by five years of supervised release. *See* Judgment in a Criminal Case (May 17, 2021) (Dkt. No. 63). The defendant subsequently filed *pro se* a notice of appeal and motion to withdraw his guilty plea on May 24, 2021. *See* Def.'s Withdrawal of Guilty Plea (May 26, 2021) (Dkt. No. 66); Def.'s Notice of Appeal (May 26, 2021) (Dkt. No. 67).

The federal rules foreclose the defendant's motion to withdraw his plea after sentencing. Rule 11(e) states that "[a]fter the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral

attack." Fed. R. Crim. P. 11(e). This "provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." *Id.* advisory committee's note to 2002 amendments. The Fourth Circuit has likewise recognized that "[a] guilty plea cannot be withdrawn after a sentence has been imposed except on direct appeal or by collateral attack." *United States v. Battle*, 499 F.3d 315, 319 (4th Cir. 2007).

Because the Court "has no authority to grant a motion to withdraw a guilty plea" after sentencing, *United States v. Barnes*, 358 F. App'x 412, 414 (4th Cir. 2009), it should deny the defendant's motion.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____/s/_____
Thomas W. Traxler
James L. Trump
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov

David Aaron
Trial Attorney, National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone (202) 307-5190
Facsimile (202) 532-4251
Email: David.aaron2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of May, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I will mail the document by U.S. mail to the following non-filing user:

Peter Rafael Dzibinski Debbins
William G. Truesdale Adult Detention Center
2001 Mill Road
Alexandria, Virginia 22314

        /s/
Thomas W. Traxler
Assistant United States Attorney