IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PETER RAFAEL DZIBINSKI DEBBINS, | ) | Case No. 1:20-cr-193-CMH |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME**

The defendant, Peter Rafael Dzibinski Debbins, is currently serving a nearly 16-year sentence that the Court imposed last year after he pleaded guilty to participating in an espionage conspiracy with Russian intelligence agents. Debbins recently filed two motions that are pending before the Court. One is a motion for the appointment of counsel to assist him in preparing a postconviction motion under 28 U.S.C. § 2255, and the other is a motion to extend the time for him to file a § 2255 motion. The Court should deny both motions.

Debbins has failed to satisfy the high bar for appointing counsel to represent him in preparing a § 2255 motion. As the Court recognized in denying his prior bid for appointed postconviction counsel, Debbins does not have a constitutional right to counsel in postconviction proceedings. Nor has he presented the necessary "exceptional circumstances" to justify the Court exercising its discretion to appoint counsel. Among other shortcomings, he does not even mention the basis for any § 2255 claim for relief, which makes it impossible to assess whether the appointment of counsel could be appropriate. Debbins, like most inmates, should be able to prepare his own § 2255 motion without court-appointed counsel.

Debbins's motion for an extension of time to file a § 2255 motion fails because it is premature and meritless. It is well established that the Court does not have jurisdiction to consider a motion to extend the time for filing a § 2255 motion—essentially an argument for equitable tolling—when the defendant has not yet filed his § 2255 motion. But even if the Court considered the merits of his argument, Debbins, who has now had more than a year since his sentencing to prepare any § 2255 motion, has failed to demonstrate that he is entitled to the extraordinary relief of equitable tolling.

## BACKGROUND

Debbins, a former officer in the U.S. Army Special Forces, has admitted that he participated in an espionage conspiracy with Russian intelligence agents from December 1996 to January 2011. *See* Statement of Facts (Nov. 18, 2020) (Dkt. No. 35). During that time, Debbins traveled periodically to Russia, where he met with Russian intelligence agents and provided them with information that he was privy to as a U.S. Army officer. *See id.* In furtherance of the conspiracy, he provided the Russian intelligence agents with, among other things, classified, national defense information about one of his Special Forces deployments and information about several of his former Special Forces team members for the Russian intelligence agents to use in deciding whether to try to recruit them. *See id.* ¶¶ 47-48. Debbins, who has family ties to Russia, considered himself a "loyal son" of Russia and believed that America needed to be "cut down to size." *See id.* ¶¶ 30, 49.

On August 20, 2020, a grand jury in the Eastern District of Virginia returned an indictment charging Debbins with one count of conspiring to communicate U.S. national defense information to agents of a foreign government, in violation of Title 18, U.S. Code, Section 794(a), (c). *See* Indictment (Aug. 20, 2020) (Dkt. No. 1). On November 18, 2020, Debbins

pleaded guilty to the charged espionage conspiracy. *See* Minute Entry (Nov. 18, 2020) (Dkt. No. 33); Plea Agreement (Nov. 18, 2020) (Dkt. No. 34). On May 14, 2021, the Court sentenced Debbins to 188 months of imprisonment. *See* Judgment (May 17, 2021) (Dkt. No. 63)

Less than two weeks after being sentenced, Debbins filed two pleadings pro se—a motion to withdraw his guilty plea and a notice of appeal (despite the appellate waiver in his plea agreement). *See* Def.'s Withdrawal of Guilty Plea (May 26, 2021) (Dkt. No. 66); Def.'s Notice of Appeal (May 26, 2021) (Dkt. No. 67). Within a matter of days, Debbins, through his counsel, moved to withdraw both pleadings. *See* Def.'s Mot. to Withdraw Def.'s Notice to Withdraw Plea of Guilty (May 28, 2021) (Dkt. No. 71); Unopposed Mot. to Dismiss Case Voluntarily, *United States v. Debbins*, No. 21-4260 (4th Cir. June 8, 2021) (Dkt. No. 6). In the motion to dismiss his appeal, Debbins, through counsel, stated that he "no longer wishe[d] to prosecute his appeal" due to "alternative remedies available at the trial court regarding the issues [he] would have raised in this appeal." Def.'s Unopposed Mot. to Dismiss Case Voluntarily ¶ 1. It is therefore clear that Debbins had some claim for postconviction relief in mind as far back as June 2021.

On June 8, 2021, the Fourth Circuit dismissed Debbins's appeal and issued its mandate. *See* Order, *Debbins*, No. 21-4260 (4th Cir. June 8, 2021) (Dkt. No. 7); Mandate, *Debbins*, No. 21-4260 (4th Cir. June 8, 2021) (Dkt. No. 8). In the meantime, Debbins filed a pro se motion for appointment of the Office of the Federal Public Defender (FPD) to represent him. *See* Def.'s Request for Public Defender (June 8, 2021) (Dkt. No. 74). He provided no reason for requesting the appointment when he had retained counsel. *See id.* The day after that motion was docketed, Debbins's retained counsel moved to withdraw from the representation, citing "irreconcilable differences." Mot. for Leave to Withdraw as Counsel (June 9, 2021) (Dkt. No. 76).

3

The Court granted Debbins's attorney's motion to withdraw and denied the request for appointment of the FPD. *See* Order Granting Motion to Withdraw (June 10, 2021) (Dkt. No. 77); Order Denying Request for Appointment of Federal Public Defender (June 11, 2021) (Dkt. No. 78). In denying the request for appointment of the FPD, the Court observed that Debbins "has no constitutional right to the appointment of counsel in post-conviction proceedings." Order Denying Request for Appointment of Federal Public Defender, at 1. The Court further noted that it "may, in some circumstances, appoint counsel for an inmate when . . . the interests of justice so require and the inmate is financially unable to obtain counsel," but the Court concluded that Debbins had "not demonstrated that the interests of justice warrant the appointment of counsel." *Id.*

On December 22, 2021, the Deputy Attorney General authorized the imposition of "Special Administrative Measures," or SAM, on Debbins. *See* Ex. A. The Deputy Attorney General expressly found that "there is a danger that Debbins will disclose classified information, that the unauthorized disclosure of such information would pose a threat to the national security of the United States, and that the imposition of SAM on Debbins are reasonably necessary to prevent disclosure of such information." *Id.* at 2. As allowed by 28 C.F.R. § 501.2, the SAM restrict Debbins's access to the mail, the media, the telephone, and visitors. *See id.*

In late July 2022, Debbins filed the pending pro se motions. The first motion requests the appointment of counsel to assist him with preparing a postconviction motion under 28 U.S.C. § 2255. *See* Def.'s Request for Court-Appointed Attorney to Assist with 2255 Motion (July 22, 2022) (Dkt. No. 79) (hereinafter, "Def.'s Mot. for Counsel"). The second motion requests for an extension of the time in which to file his motion under § 2255. *See* Def.'s Request for Continuance for the Filing Deadline for the 2255 Motion (July 26, 2022) (Dkt. No. 80)

(hereinafter, "Def.'s Mot. for Extension of Time").  Both motions argue that the relief requested is appropriate because he has been under SAM since January 27, 2022, which he claims have placed him in isolation and restricted his ability to communicate and prepare his 2255 motion.  *See* Def.'s Mot. for Counsel, at 1; Def.'s Mot. for Extension of Time, at 1.  Debbins further stated that he has had difficulties in communicating with potential attorneys and accessing legal documents.  *See* Def.'s Mot. for Counsel, at 2; Def.'s Mot. for Extension of Time, at 2.

## DISCUSSION

### A. The Court Should Deny Debbins's Motion to Appoint Counsel.

As this Court previously recognized, Debbins does not have a constitutional right to counsel in postconviction proceedings.  *See Garza v. Idaho*, 139 S. Ct. 738, 749 (2019); *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003) (en banc).  By statute, the Court has discretion to appoint counsel "for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28" if it "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  But even then "counsel should only be appointed under 'exceptional circumstances.'"  *Crawford v. Bailey*, No. 1:21cv527 (CMH/IDD), 2022 WL 274407, at *12 (E.D. Va. Jan. 27, 2022) (quoting *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296 (1989)).  In assessing whether exceptional circumstances exist, the Court should consider the "characteristics of the claim and the litigant," including whether the prisoner has a colorable claim but does not have the ability to present it.  *Whisenant*, 739 F.2d at 163.

No exceptional circumstances justify the appointment of counsel here.  Debbins's motion is completely bereft of any indication as to the nature of his claims for postconviction relief.  Much less does Debbins establish that he has a colorable claim or that any claim is of the type and

5

complexity to warrant the appointment of counsel. For this reason alone, Debbins's request for counsel should be denied.

Debbins's arguments about his difficulties obtaining counsel do not provide exceptional circumstances. Such arguments presuppose that he has the right to be represented by counsel. Given that "most [postconviction] applicants proceed pro se," *Garza*, 139 S. Ct. at 749, Debbins should be able to do the same here. He is college educated and has a graduate degree. He served as a Captain in the U.S. Army Special Forces and worked for more than eight years in the U.S. intelligence community. As well educated and well trained as he is, he should be able to present his postconviction claims pro se.

Debbins's argument that the SAM restrictions have precluded him from obtaining counsel is not persuasive. First, the SAM were not imposed until more than six months after he dismissed his appeal. Debbins has failed to offer any reason why he did not obtain counsel in those six months. Second, the SAM do not preclude him from consulting with prospective counsel. By their terms, the SAM allow for Debbins to communicate with attorneys, *see* Ex. A, at 3-7, and as he concedes, he has consulted with at least one prospective counsel since the SAM were imposed. Indeed, earlier this year, the government worked with a prospective counsel to enable him to communicate with Debbins under the SAM. *See* Ex. B (SAM affirmation from prospective attorney).

**B.     The Court Should Deny Debbins's Motion to Extend the Time to File a 2255 Motion.**

Congress has imposed a one-year limitations period for prisoners to file a postconviction motion under 28 U.S.C. § 2255. *See* § 2255(f). According to Debbins, the deadline for him to file his motion is September 6, 2022—approximately one month from now. Debbins requests an

additional six months to file a motion under § 2255. As explained below, Debbins's request for an extension is not ripe for consideration, and even if it was, it is meritless.

Unless such a motion for an extension of time is "filed concurrently with or after a § 2255 petition" or can "be construed as the § 2255 petition itself," the Court does not have jurisdiction to consider it. *Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006); *see also United States v. Thompson*, 850 F. App'x 843, 843 (4th Cir. 2021) ("Because [the defendant] has not filed a § 2255 motion and his motion for an extension of time did not raise any potential grounds for § 2255 relief, the district court lacked jurisdiction to consider the motion."); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007) ("We conclude, however, that the district court lacked jurisdiction to consider the motion in the first place because [the defendant] had not filed a § 2255 motion challenging the original judgment of conviction and his motion did not raise any potential grounds for relief."). Here, Debbins has not filed a § 2255 motion, and his motion for an extension "does not allege a cognizable claim for relief under § 2255, and thus is not amenable to recharacterization as a substantive § 2255 petition." *Ramirez*, 461 F. Supp. 2d at 441. As a result, the Court does not have jurisdiction to consider the motion for extension of time.

Even if the Court considers the merits, Debbins's arguments do not support tolling the limitations period. "Equitable tolling of petitions for collateral review," which is the relief that Debbins seeks, "is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). It "is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be

7

unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id.* at 184-85 (quoting *Rouse*, 339 F.3d at 246).

The circumstances here do not justify equitable tolling. Since voluntarily dismissing his appeal at the Fourth Circuit, Debbins has had more than a year to prepare any § 2255 motion. Indeed, his motion to dismiss the appeal suggested that he already had a claim for relief in mind. Yet, in the almost fourteen months that have passed, Debbins never filed a § 2255 motion.

Debbins's motion belies any notion that he has been prevented from preparing such a motion. He recognizes that he has had access to legal documents (even if he complains it has been limited), that he has consulted with at least one potential attorney, and that he has communicated with "surrogates" about getting legal representation. *See* Def.'s Mot. for Counsel, at 2; Def.'s Mot. for Extension of Time, at 2. And he does not detail any efforts that he has taken with the Bureau of Prisons to address impediments to preparing a § 2255 motion.

Debbins's claim that the SAM have hindered his ability to obtain the assistance of counsel and prepare his § 2255 motion is unpersuasive. As explained above, Debbins has no right to counsel to assist him with the preparation of a § 2255 motion. And Debbins's claims about the restrictions imposed by the SAM are generally not the type of circumstances that support equitable tolling of the limitations period. *See, e.g.*, *Harris v. United States*, No. 1:19-CV-755 (TSE), 1:17-CR-106 (TSE), 2019 WL 3241170, at *5 (E.D. Va. July 17, 2019) ("As numerous courts have held, lockdowns and/or restricted access to legal assistance or materials do not qualify as extraordinary circumstances."); *Allen v. Johnson*, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009) ("[T]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y.

2002))). Further, Debbins was not subjected to SAM for six months after dismissing his appeal. He fails to state why he was not pursuing any § 2255 claims diligently during that time.

## CONCLUSION

For the foregoing reasons, the Court should deny Debbins's motions for appointment of counsel and an extension of time to file his § 2255 motion.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:      /s/
Thomas W. Traxler
James L. Trump
Assistant United States Attorneys
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone (703) 299-3746
Facsimile (703) 299-3980
Thomas.traxler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

PETER RAFAEL DZIBINSKI DEBBINS (05852-509)
USP BIG SANDY
U.S. PENITENTIARY
P.O. BOX 2068
INEZ, KY 41224

      /s/
Thomas W. Traxler
Assistant United States Attorney