IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:20-cr-193 |
| ) | |
| PETER RAFAEL DZIBINSKI ) | |
| DEBBINS ) | |
| ) | |
| Defendant. ) | |

### Memorandum Opinion

THIS MATTER comes before the Court on Defendant Peter Rafael Dzibinski Debbin's ("Defendant") Motion for Appointment of Counsel and a Motion for an Extension of Time. Defendant entered into a plea agreement with the Government pursuant to Rule 11 of the Federal Rules of Criminal Procedure, after which this Court imposed a sentence of 188 months of incarceration. Petitioner now asks the Court for the appointment of counsel to assist him in preparing a postconviction motion under 28 U.S.C. § 2255, as well as an additional six months to file a § 2255 motion.

Defendant, a former officer in the U.S. Army Special Forces, admitted to participating in an espionage conspiracy with Russian intelligence agents. From December 1996 to January 2011, Defendant traveled to Russia, where he met with Russian intelligence agents and disclosed classified information he knew as a U.S. Army officer. In furtherance of the conspiracy, Defendant shared with

1

Russian agents, among other things, classified, national defense information about one of his Special Forces deployments and information about several of his former Special Forces team members for the Russian intelligence agents to use in recruiting efforts.

On November 18, 2020, Defendant pleaded guilty to the charged espionage conspiracy. On May 14, 2021, the Court imposed a sentence of 188 months of incarceration, five years of supervised release, and $100 in special assessments. On May 26, 2021, Defendant filed a pro se motion to withdraw his guilty plea and a notice of appeal. On May 28, 2021, Defendant, through counsel, moved to withdraw both pleadings. Defendant then filed a pro se motion for appointment of the Office of the Federal Public Defender ("FPD") to represent him, even though he had retained counsel. Defendant's retained counsel then moved to withdraw from the representation. On June 10, 2021, the Court granted Defendant's attorneys' motion to withdraw. The Court also denied the request for appointment of the FPD noting that Defendant has no constitutional right to the appointment of counsel in post-conviction proceedings unless Defendant demonstrates that the interest of justice warrant the appointment of counsel.

On December 22, 2021, the Deputy Attorney General authorized the imposition of Special Administrative Measures ("SAM") on Defendant due to 1) the risk that Defendant will leak classified information posing a threat to national security; and 2) the

2

reasonably necessity of imposing SAM to prevent disclosure of such information. Under 28 C.F.R. § 501.2, the SAM restrict Defendant's access to the mail, media, the telephone, and visitors. Defendant now asserts that appointment of counsel and an extension of time is appropriate because he has been under SAM since January 27, 2022, allegedly placing him in isolation and restricting his ability to communicate with potential attorneys, access legal documents, and prepare his § 2255 motion.

Under 18 U.S.C. § 3006A(a)(2)(B), the Court has discretion to appoint counsel for "for any financially eligible person who...is seeking relief under section...2255 of title 28" if it "determines that the interests of justice so require." However, counsel should only be appointed under exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). In assessing whether exceptional circumstances exist, the Court should consider the "characteristics of the claim and the litigant," including whether the prisoner has a colorable claim but does not have the ability to present it. *Id*.

No exceptional circumstances justify the appointment of counsel here. Defendant's motion fails to indicate a colorable claim for postconviction relief or that his claim is of the type of complexity to warrant the appointment of counsel. Defendant is college educated and has a graduate degree. He served as a Captain in the U.S. Army Special Forces. As well-educated and

3

well trained as he is, he should be able to present his postconviction claims pro se.

Moreover, the SAM restrictions on Defendant do not rise to the exceptional circumstances for appointing counsel, nor have the SAM restrictions precluded him from obtaining counsel. First, SAM was not imposed until more than six months after he dismissed his appeal. Defendant did not offer any reason why he did not obtain counsel in those six months. Second, SAM did not preclude him from consulting with prospective counsel as SAM terms allow for Defendant to communicate with attorneys. Defendant even conceded that he has consulted with at least one prospective counsel since SAM was imposed. The government even worked with a prospective counsel to enable him to communicate with Defendant under SAM.

As for the Motion for an Extension of Time, per the statute, a motion under § 2255 must be filed within one year of a petitioner's conviction to be considered timely. 28 U.S.C. § 2255(f)(1). A motion for an extension of time must be filed concurrently with or after a § 2255 petition, or it must raise any potential grounds for § 2255 relief, otherwise the Court does not have jurisdiction to consider it. *See United States v. Thompson*, 850 F. App'x 843, 843 (4th Cir. 2021). Here, Defendant has not filed a § 2255 motion, and his motion for an extension does not raise any potential grounds for § 2255 relief, and thus

4

is not a substantive § 2255 petition. As a result, the Court lacks jurisdiction to consider the motion for extension of time.

Regardless of the issue of jurisdiction, the circumstances here do not justify equitable tolling. "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Defendant has had more than a year to prepare any § 2255 motion. His motion to dismiss his appeal at the Fourth Circuit even suggested that he already had a § 2255 claim for relief in mind. However, Defendant has not filed a § 2255 motion in the fourteen months since he voluntarily dismissed his appeal. Defendant failed to show he has been prevented by external circumstances from preparing a motion or that he was been working diligently to prepare such motion. He admits that he has access to legal documents and that he has consulted with at least one potential attorney. Defendant also does not detail any efforts that he has taken with the Bureau of Prisons to address any impediments to preparing a § 2255 motion. While Defendant argues the restrictions imposed by the SAM hinder his ability to prepare his § 2255 motion, the SAM restrictions do not rise to

5

the level of extraordinary circumstances that support equitable tolling. Further, Defendant was not subjected to SAM until six months after dismissing his appeal and yet he fails to state why he was not diligently pursuing any § 2255 claims during that time.

For the foregoing reasons, the Court finds Defendant's § 2255 Motion for Appointment of Counsel and Motion for Extension of Time should be DENIED. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 26, 2022