461 F.Supp.2d 439 (2006)

Noe David RAMIREZ, Movant

v.

UNITED STATES.

No. 1:02cr376.

United States District Court, E.D. Virginia. Alexandria Division.

November 8, 2006.

440 *440 John C. Kiyonaga, Kiyonaga And Kiyonaga, Alexandria, VA, Mark S. Thrash, Sher & Cummings, Arlington, VA, for Noe David Ramirez.

Michael Rich, Alexandria, VA, for United States.

# ORDER

ELLIS, District Judge.

Noe David Ramirez, proceeding *pro se,* has filed a motion to extend the time for filing a petition to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. It appears from the motion that Ramirez (hereinafter "movant") believes the one-year statute of limitations for filing his § 2255 petition expires November 14, 2006, and because he asserts that he has not completed his petition, he seeks an extension of time. He also requests appointment of counsel to aid him in preparation of his petition.

Movant was tried in the Eastern District of Virginia and convicted of murder and conspiracy to commit murder in violation of 18 U.S.C. §§ 1117, 1111(a), and 2. Judgment was entered against him on February 17, 2003. Movant then timely appealed to the United States Court of Appeals for the Fourth Circuit, which issued an opinion on June 23, 2005, but because a petition for rehearing *en banc* was filed, the court did not issue a mandate until it denied rehearing *en banc* on July 20, 2005. The Fourth Circuit entered final judgment August 1, 2005, affirming the conviction in all respects. See *U.S. v. Rivera,* 412 F.3d 562 (4th Cir.2005). Movant sought certiorari in the United States Supreme Court, which request was denied on November 14, 2005. *Rivera v. U.S.,* ___ U.S. ___, 126 S.Ct. 670, 163 L.Ed.2d 540 (2005). Movant then filed this motion on October 30, 2006, but he has not yet filed a § 2255 petition.

It appears there is no subject matter jurisdiction to consider movant's motion. While the Fourth Circuit has not yet considered the issue, every court to have done so has concluded that federal courts lack jurisdiction to consider the timeliness of a § 2255 petition until the petition itself is filed because a motion for extension of time is not, by itself, a "case or controversy" within the meaning of Article III of the

441 United States Constitution. See *U.S. v. Leon,* 203 F.3d 162 (2nd Cir. *441 2000); *U.S. v. McFarland,* 125 Fed.Appx. 573 (5th Cir.2005); *U.S. v. Moore,* 56 Fed. Appx. 686 (6th Cir.2003); *In Re Application of Wattanasiri,* 982 F.Supp. 955 (S.D.N.Y 1997); *Paschal v. U.S.,* 2003 WL 21000361 (N.D.Ill.2003); *U.S. v. Backhoff,* 2006 WL 2382176 (N.D.Fla.2006). Instead, for a court to have jurisdiction over such a motion, it must be either (i) be filed concurrently with or after a § 2255 petition, or (ii) be construed as the § 2255

petition itself. As the Second Circuit noted, "where a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered, and in some instances may be required . . . to treat that motion as a substantive motion for relief." *Green v. U.S.*, 260 F.3d 78 (2nd Cir.2001). The analysis thus proceeds to whether recharacterizing the motion as a § 2255 petition is appropriate.

Movant's motion for extension of time does not allege a cognizable claim for relief under § 2255, and thus is not amenable to recharacterization as a substantive § 2255 petition. The motion alleges little beyond forecasting that a forthcoming § 2255 petition will contain five grounds for relief. Even charitably construed, only one potential ground for collateral relief is discernable: "actual innocence" based on newly discovered evidence. This ground is not a cognizable basis for § 2255 relief. In the words of the Supreme Court, "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation" in the underlying conviction. *Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (construing § 2254). In other words, actual innocence is not a basis for collateral relief, but a substitute for the showing of "cause and prejudice" typically required for a claim not raised on direct review to be considered on collateral review. *See Bousley v. U.S.*, 523 U.S. 614, 622-23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (claim of constitutional error in plea 'colloquy defaulted on direct review may be raised in § 2255 proceeding if actual innocence shown). Hence, movant's motion does not state a cognizable basis for relief under § 2255 and thus should not be construed as a § 2255 petition.

Since the motion may not be so construed, it must be dismissed for lack of subject matter jurisdiction. As movant is incarcerated and his limitations period has nearly expired, it is imperative that he be immediately apprised of this dismissal so that he may file a timely petition.

Accordingly, and for good cause,

It is hereby ORDERED that the motion for extension of time is DISMISSED for lack of subject matter jurisdiction. Such dismissal is without prejudice to movant' right to seek additional time to modify or supplement a § 2255 petition once filed.

It is further ORDERED that movant's request for an attorney to assist in the preparation of a § 2255 petition is DENIED, without prejudice to his right to renew this request once he files a § 2255 petition.

It is further ORDERED that the Clerk of Court is DIRECTED to transmit a copy of this Order via facsimile immediately to Bureau of Prisons officials at the United States Penitentiary in Florence, Colorado, where the record reflects movant is currently located.

It is further ORDERED that Bureau of Prisons officials at the United States Penitentiary in Florence, Colorado having custody over Ramirez are DIRECTED to deliver a copy of this Order to him

442 immediately upon receipt so that he will have *442 adequate time to file a petition pursuant to 28 U.S.C. § 2255.

Save trees - read court opinions online on Google Scholar.