IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| PETER RAFAEL DZIBINSKI DEBBINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | Criminal Case No. 1:20-cr-193 |
| v.  ) | Civil Action No. 1:22-cv-991 |
| ) | |
| UNITED STATES OF AMERICA, ) | The Honorable Claude M. Hilton |
| ) | |
| Respondent. ) | |

GOVERNMENT'S MOTION TO SEAL AND SUPPORTING MEMORANDUM
PURSUANT TO LOCAL CRIMINAL RULE 49(E)

The United States, through undersigned counsel, submits this Motion to Seal pursuant to Local Rule of Court 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, and asks for an Order sealing the Government's Response in Opposition to Motion Under 28 U.S.C. § 2255 (hereinafter, "Government's Response Brief"). The Government's Response Brief will be filed under seal pursuant to Local Rule 49(E), which provides that the filings are to be treated as sealed pending the outcome of this motion to seal.

The United States seeks to file the Government's Response Brief under seal because it discusses sealed pleadings in this matter, including discussions of a psychiatric assessment of the defendant, which the Court sealed at the request of the defense. *See* Order (May 10, 2021) (Dkt. No. 52). The defense explained in its motion to seal that the filing contains confidential health information regarding the defendant. *See* Def.'s Mot. for Leave to File Sealed & Redacted Material (May 7, 2021) (Dkt. No. 48).

This Court has the inherent power to seal materials submitted to it. *See Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect

1

and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."); *In re Sealed Affidavit(s) to Search Warrants Executed on February 14, 1979*, 600 F.2d 1256, 1257 (9th Cir. 1979) (recognizing that "the courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

A proposed sealing order is submitted herewith for the convenience of the Court.

                              Respectfully submitted,

                              Jessica D. Aber
                              United States Attorney

By:       /s/
            Thomas W. Traxler
            James L. Trump
            Assistant United States Attorneys
            United States Attorney's Office
            2100 Jamieson Avenue
            Alexandria, VA 22314
            Telephone (703) 299-3746
            Facsimile (703) 299-3980
            Thomas.traxler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I will further cause the foregoing document to be mailed by U.S. mail to the following non-filing user:

PETER RAFAEL DZIBINSKI DEBBINS (05852-509)
USP ATLANTA
U.S. PENITENTIARY
P.O. BOX 150160
ATLANTA, GA  30315


          /s/
Thomas W. Traxler
Assistant United States Attorney