IN THE UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS   )
      PETITIONER,   )
  V   ) CRIMINAL CASE NO. 1:20-CR-193
UNITED STATES OF AMERICA,   ) CIVIL ACTION NO. 1:22-CV-991
      RESPONDENT   )
                              ) THE HONORABLE CLAUDE M. HILTON
                              )

IN DETERMINING THE MERITS OF MY 2255 PETITION, I RESPECTFULLY ASK THIS COURT TO CONSIDER THE FOLLOWING COURT DECISIONS THAT RELATE TO THE GROUNDS I RAISE

1) THAT I HAD INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO ENSURE I WAS COMPETENT, RESULTING IN MY PLEADING GUILTY FOR A CRIME NOT COMMITTED AND BEING UNABLE TO DEFEND MY INNOCENCE. IN US V CRONIC (80 L. ED. 2D 657 (1984) 104 S. CT. 2039) THE SUPREME COURT WRITES THAT COUNSEL IS INEFFECTIVE IF COUNSEL LACKS QUALIFICATION, EXPERIENCE, OR PREPARATION. IN DISREGARDING THE IMPACT OF UNTREATED MENTAL ILLNESS, DUE TO EITHER NEGLIGENCE OR IGNORANCE, MY COUNSEL WAS ABSENT OR PREVENTED FROM ASSISTING AT A CRITICAL STAGE OF THE PROCEEDINGS (WOODS V. DONALD 135 S. CT. 1372 (2015)).

PAGE 1 OF 6

COMPETENCE IS THE ABILITY TO PARTICIPATE EFFECTIVELY IN ONE'S OWN DEFENSE. COMPETENCE IS NOT DETERMINED BY FORMULAE BUT MAY BE DECIDED ONLY ON A CASE-BY-CASE BASIS. THE CONSIDERATIONS LAID OUT BY THE SUPREME COURT (S. CT. 193 F. SUPP. 318, 321 (W.D. MO. 1961)) ARE THE ABILITY:

a) TO UNDERSTAND THE CHARGE
b) TO UNDERSTAND THE AVAILABLE DEFENSE
c) TO DISTINGUISH BETWEEN PLEA OF GUILTY AND PLEA OF NOT GUILTY
d) TO UNDERSTAND THE BASIC ESSENTIALS OF CRIMINAL PROCEEDINGS
e) TO FOLLOW THE EVIDENCE
f) TO TAKE THE WITNESS STAND AND TO TESTIFY COHERENTLY
g) TO ASSIST COUNSEL IN EVALUATING THE TESTIMONY OF WITNESSES
h) TO RECALL THE FACTS CONCERNED WITH THE TIME OF THE ALLEGED VIOLATIONS

DUE TO UNTREATED BIPOLAR DISORDER I WAS UNABLE TO MEET THE FOLLOWING CONSIDERATIONS:

a) TO UNDERSTAND THE CHARGE. I WAS DELUSIONAL AND BELIEVED THAT THIS WHOLE ORDEAL HAD NOTHING TO DO WITH CLAIMED ACTIVITIES BETWEEN 1996 AND 2011. RATHER THIS ORDEAL WAS DIVINE PUNISHMENT FOR ENGAGING IN OCCULT PRACTICES THAT I MADE REFERENCE TO IN MY LETTER TO THE JUDGE AT SENTENCING.

b) TO UNDERSTAND THE AVAILABLE DEFENSE. I WAS UNAWARE OF NOR INFORMED OF THE OPTION TO SUPPRESS MY STATEMENTS NOR WAS I AWARE THAT ECONOMIC COERCION RENDERED MY CONFESSION AS INVOLUNTARY

CASE NO. 1:20-CR-193

NOR WAS I AWARE NOR INFORMED OF THE OPTION TO INVOKE THE "TRUSTWORTHINESS DOCTRINE" TO SEEK AN ACQUITAL. I BELIEVED THE ADVICE OF MY COUNSEL THAT I WOULD BE CONVICTED ON AN UNCORROBARATED CONFESSION.

e) TO FOLLOW THE EVIDENCE. COUNSEL DID NOT PROVIDE ME DISCOVERY. I COULD NOT CONSIDER EVIDENCE IN MY CASE — CLAIMED ACTIVITIES OCCURING 12 TO 26 YEARS AGO — DUE TO MENTAL DEGRADATION, WHICH ALSO INHIBITED ME IN PRESENTING TO COUNSEL HOW THE "INDEPENDENT EVIDENCE" IS CONTRARY TO A CONSPIRACY.

f) TO TAKE THE WITNESS STAND AND TO TESTIFY COHERENTLY. UNTREATED BIPOLAR DISORDER CAUSED ME TO HAVE HYPOMANIA, FLIGHTS OF THOUGHT, AND PRESSURED SPEECH WHICH RENDERED ME UNFIT TO TAKE THE WITNESS STAND AND TESTIFY COHERENTLY.

g) TO ASSIST COUNSEL IN EVALUATING THE TESTIMONY OF WITNESSES. SINCE THE WHOLE CASE IS BASED ON MY UNCORROBORATED CONFESSION, MY UNTREATED BIPOLAR DISORDER PREVENTED ME FROM ASSISTING COUNSEL TO EVALUATE CLAIMS MADE IN A STATE OF PSYCHOSIS.

h) TO RECALL THE FACTS CONCERNED WITH THE TIME OF THE ALLEGED VIOLATIONS. DUE TO UNTREATED PSYCHOSIS AND DEPRESSION I COULD NOT COHERENTLY RECALL DETAILS FROM 12 TO 26 YEARS AGO. I WAS UNABLE TO DISTINGUISH REALITY FROM FANTASY AS I WROTE IN MY LETTER TO THE JUDGE AT SENTENCING.

CASE NO. 1:20-CR-193

2) I HAD INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS MY STATEMENT BECAUSE THEY WERE INVOLUNTARY. IN US V _____ 2017 4TH CIRC. LEXIS 120028, THE 4TH CIRCUIT WRITES THAT "A DEFENDENT MUST NOT BE SUBJECTED TO UNDUE "ECONOMIC COERCION" THAT FORCE HIM TO CHOOSE BETWEEN SURRENDERING HIS FIFTH AMENDMENT RIGHTS OR INCURRING ECONOMIC CONSEQUENCES" ADDING "EVEN WHEN COERCION HAS BEEN ESTABLISHED, THE INQUIRY IS NOT OVER. A STATEMENT PROCURED BY COERCIVE ACTIVITY IS STILL ADMISSABLE UNLESS THE DEFENDENT'S WILL HAS BEEN OVERBORNE" [FBI'S POWER OF AUTHORITY] AND UNTREATED MENTAL ILLNESS] "OR HIS CAPACITY FOR SELF DETERMINATION IS CRITICALLY IMPAIRED." [BY ECONOMIC COERCION] "THIS REVIEW MUST BE CONDUCTED BY CONSIDERING THE TOTALITY OF THE CIRCUMSTANCES, INCLUDING THE CHARACTERISTICS OF THE DEFENDENT" [UNTREATED MENTAL ILLNESS], "THE SETTING OF THE INTERVIEW" [ECONOMIC COERCION], "AND THE DETAILS OF THE INTERROGATION." [FBI'S POWER OF AUTHORITY]

3) I HAD INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO FILE A MOTION INVOKING THE "TRUSTWORTHINESS DOCTRINE" TO SEEK AN ACQUITAL. ON THE "TRUSTWORTHINESS DOCTRINE" THE 4TH CIRCUIT IS QUITE CLEAR IN THE FOLLOWING TWO CASES WHICH RESULTED IN ACQUITALS:

IN US V. POWELL (467 F. SUPP. 3d 360, 4TH CIRC. 2020) THE COURT WRITES "THE REASON FOR THE RULE WHICH REQUIRES CORROBORATION OF THE DEFENDENT'S CONFESSION BY INDEPENDENT EVIDENCE OF THE CORPUS DELICTI IS THAT OTHERWISE SOME PERSONS, DUE TO EMOTION UNBALANCE OR OTHER MENTAL INSTABILITY, MAY CONFESS TO

PAGE 4 OF 6

the commission of a crime, which in fact has never occurred." Adding "extrinsic evidence is sufficient which merely fortifies the truth of the confession without independently establishing the crime charged." The confession is untrustworthy because there are numerous extrinsic evidence that negate the veracity of the confession such as:

- Existing untreated mental illness, that was even evident during the interrogations
- Inconsistencies in the confession. For example, in the written confession I claimed that I wanted to overthrow the Russian government, yet in the interrogations I claimed I was pro-Russian.
- "Independent evidence" contrary to a conspiracy presented in the 2255 petition
- The claimed activities with RISS are contrary to intelligence tradecraft making the confession dubious. I will not list them to protect sensitive information, but I will provide one claim to safely illustrate my point. I claimed to the FBI that none of the claimed encounters followed a debriefing protocol, instead involved becoming intoxicated and being asked a few questions. Such claimed encounters are indistinguishable from the numerous benign social encounters I had on my travels to Russia.

In US v Sperling (400 Fed. Appx. 765 4th Circ. App. 2010) the court writes "A verdict may rely on an admission or confession, but only if there is <u>substantial independent evidence</u> that the offense has been committed, and the evidence as a whole proves beyond a reasonable doubt that the

DEFENDENT IS GUILTY." NOT ONLY IS THERE NO SUBSTANTIAL INDEPENDENT EVIDENCE THAT I ENGAGED IN A CONSPIRACY, THERE IS NO ~~EVIDENCE~~ INDEPENDENT EVIDENCE OF A CONSPIRACY AND WHAT INDEPENDENT EVIDENCE EXIST IS CONTRARY TO A CONSPIRACY AS PRESENTED IN THE 2255 PETITION.

THE OTHER CIRCUIT COURTS HAVE SIMILAR INTERPRETATIONS OF THE TRUSTWORTHINESS DOCTRINE. IN US V. PIPER (912 F.3D 847) THE 5TH/11TH CIRCUIT COURT OF APPEALS WRITES REGARDING THE TRUSTWORTHINESS DOCTRINE "THE MOST FAITHFUL READING OF FED. R. EVID. 804(b)(3) IS THAT IT DOES NOT ALLOW ADMISSION OF NON-SELF-INCULPATORY STATEMENTS, EVEN IF THEY ARE MADE WITHIN A BROADER NARRATIVE THAT IS GENERALLY SELF-INCULPATORY."

RESPECTFULLY SUBMITTED

DATE 27 DEC 2022

PETER DEBBINS - 05852509
UNITED STATES PENITENTIARY
BIG SANDY
PO BOX 2068
INEZ, KENTUCKY 41224