FOURTH CIRCUIT COURT OF THE UNITED STATES
EASTERN DISTRICT
ALEXANDRIA DIVISION

FILED
MAILROOM

FEB 1 4 2023

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PETER RAFAEL DZIBINSKI DEBBINS, )
        PETITIONER            )
                              )  CRIMINAL CASE  1:20-CR-193-1
                              )
   V                          )
                              )
UNITED STATES OF AMERICA,     )
        RESPONDENT            ) HON. CLAUDE M. HILTON
                              )

THE PETITIONER RESPECTFULLY PRESENTS TO THIS COURT PRIOR CASES THAT
RELATE TO THE ARGUMENTS PRESENTED IN THE 2255 PETITION
SUBMITTED AUGUST 25, 2022.

SOME OF THESE CASES WERE PRESENTED IN A BRIEF PRESENTED TO
THIS COURT DATED AROUND DECEMBER 27, 2022. DETAILS SUCH AS
DOCKET NUMBERS AND CASE NAME WERE LACKING BECAUSE THE
PETITIONER LACKED ACCESS TO THE LEGAL LAW LIBRARY.

THE 4TH CIRCUIT CASE WHICH CLARIFIED VOLUNTARINESS OF
STATEMENTS AND ECONOMIC COERCION WHICH WAS PRESENTED IN
THE DECEMBER 27, 2022 BRIEF WAS US V AMRI, JULY 31, 2017
CASE NUMBER 1:17-CR-50 (LMB), 2017 U.S. DIST. LEXIS 120028.
IT WAS ALSO KNOWN AS U.S. V SOUFIAN AMRI AND MICHAEL
QUEEN. IN SUMMARY IT STATES "A DEFENDANT MUST NOT BE
SUBJECTED TO UNDUE "ECONOMIC COERCION" THAT FORCES HIM TO
CHOOSE BETWEEN SURRENDING HIS FIFTH AMENDMENT RIGHTS OR,
INCURRING ADVERSE ECONOMIC CONSEQUENCES."

THE CASES WHICH GAVE THE EIGHT CRITERIA FOR COMPETENCY TO
STAND TRIAL ARE WEITER V SETTLE, 193 F. SUPP. 318, US DIST. CT
FOR THE WESTERN DISTRICT OF MISSOURI, LEXIS 3825 NO. 13174, APRIL
13, 1961 ; AND STATE V. BENNETT, 345 SO. 2D 1129 (LA. 1977).

PAGE 1 OF 2

ADDITIONAL CASES REGARDING COMPETENCY ARE:

1) CHAVEZ V US 656 F. 2D 512, 518-519 (9TH CIR. 1981)
IN ASSESSING THE DEFENDENT'S COMPETENCE, THE COURT MUST CONSIDER
THE FUNCTION REQUIRED TO BE PERFORMED BY THE DEFENDANT IN
THE CONTEXT OF THE PROCEEDING.

2) STATE V. MURPHY 56 WN. 2D 761, 355 P. 2D 323 (WASH. 1960)
COMPETENCE IS, THEREFORE, NECESSARILY A VARIABLE CONCEPT.
IT DEPENDS UPON THE FUNCTION THAT THE CONDUCT OF A FAIR
PROCEEDING REQUIRES THE DEFENDENT TO PERFORM, CONSIDERING
FOR EXAMPLE, DEFENDENT'S NEED TO TESTIFY IN SUPPORT OF AN
AFFIRMATIVE DEFENSE
3) US V SERMON, 228 F. SUPP. 972 (W.D. MO 1964)
~~IN SUPPORT OF AN AFFIRMATIVE DEFENSE~~: THE EXTENT TO
WHICH RELIANCE ON THE DEFENDENT'S MEMORY IS REQUIRED
APART FROM OTHER MEANS OF RECONSTRUCTING THE EVENTS
OR THE COMPLEXITY OF THE ISSUES IN RELATION TO THE
DEFENDANT'S LEVEL OF UNDERSTANDING, (SIELING V EYMAN
478 F. 2D 211 (9TH CIR. 1973)).

4) DROPE V MISSOURI (420 U.S. AT 179-80)
THE DETERMINATION OF COMPETENCE IS NOT CONDUCIVE TO AUTOMATIC
FORMULAE, BUT MAY BE DECIDED ONLY ON A CASE-BY-CASE BASIS
WITH DUE REGARD TO THE CIRCUMSTANCES OF THE ASSESSMENT. THE
DEFENDENT'S COMPETENCE IS THUS NOT NECESSARILY DETERMINED
BY ANY ONE FACTOR OR EVEN A LIST OF FACTOR

RESPECTFULLY SUBMITTED

DATE: 31 JANUARY 2023

PETER DEBBINS
05852509
U.S. PENITENTIARY MAX.
P.O. BOX 8500
FLORENCE, COLORADO
81226-8500

PAGE 2 OF 2