IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS, )
)
PETITIONER, )
) CRIMINAL CASE NO. 1:20-CR-193
V ) CIVIL ACTION NO. 1:22-CV-991
)
UNITED STATES OF AMERICA, ) THE HONORABLE CLAUDE M. HILTON
)
RESPONDENT. )

MR. DEBBINS' RESPONSE TO THE GOVERNMENT'S RESPONSE IN
OPPOSITION TO MOTION UNDER 28 U.S.C. §2255

ON THE 29TH DAY OF DECEMBER, 2022 THE GOVERNMENT SUBMITTED TO THIS COURT A "GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION UNDER 28 U.S.C. § 2255" THAT MR. DEBBINS SUBMITTED ON THE 25TH DAY OF AUGUST, 2022. MR. DEBBINS RESPECTFULLY ASKS THIS COURT TO CONSIDER MR. DEBBINS' RESPONSE TO THE GOVERNMENT'S RESPONSE AND DISMISS THE GOVERNMENT'S OPPOSITION.

THE PRIMARY BASIS FOR MR. DEBBINS' 2255 PETITION IS HIS COUNSEL'S INEFFECTIVE ASSISTANCE IN ADDRESSING AND MITIGATING THE DEGRADING IMPACT OF HIS MENTAL ILLNESSES IN PARTICULAR HIS UNTREATED BIPOLAR DISORDER. THE POINTS BEING THAT MR. DEBBINS

was not competent when he entered the guilty plea on November 18, 2020; that his claims to the government were not voluntary; and that Mr. Debbins' inculpatory claims to the government lack corroboration and are untrustworthy.

## FACTS

Mr. Debbins' assertion that he was sufficiently degraded by his undiagnosed and untreated bipolar disorder has been proven by research that he has access to since the beginning of 2023. The main sources are the following publications:

- "Surviving Manic Depression" by Dr. Torrey and Dr. Knable © 2005
- "Bipolar 101" by Dr. Preston © 2009
- "Overcoming Paranoid and Suspicious Thoughts" by Dr. Freeman and Dr. Garety © 2008

Mr. Debbins respectfully asks this court to consider the following facts:

- Mr. Debbins entered his guilty plea before he was allowed to begin his psychiatric assessment with Dr. Charney.
- Mr. Debbins did not receive his psychiatric assessment until May 11, 2021, only three days prior to his sentencing

HEARING ON MAY 14, 2021.

- MR. DEBBINS BEGAN TO RECEIVE ANTI-PSYCHOTIC MEDICATION ON MAY 26, 2021, AFTER SENTENCING.

- MR. DEBBINS TOLD HIS COUNSEL AND DR. CHARNEY THAT HE SUFFERED DELUSIONS AND HIS CLAIMED ENCOUNTERS AND CONSPIRACY WITH RUSSIAN INTELLIGENCE AND SECURITY SERVICES (RISS) WERE A DELUSION.

- MR. DEBBINS PRESENTED TO THE COURT SOME OF HIS DELUSIONS AND PSYCHOSES IN HIS FOUR PAGE LETTER TO AID SENTENCING.

- MR. DEBBINS WAS MISDIAGNOSED WITH ADHD IN 2013, WHICH IS A COMMON OCCURANCE BECAUSE BIPOLAR DISORDER IS A PROBLEMATIC DISEASE TO DIAGNOSE AND TREAT.

- ONE THIRD OF BIPOLAR SUFFERERS ARE UNAWARE OF HAVING THE DISEASE AND HOW IT IS DEBILITATING THEM, WHICH OCCURED IN MY CASE.

- MANY SUFFERERS, TORTURED BY PERSECUTORY DELUSIONS, WILL FALSELY BELIEVE THAT THEY COMMITTED SOME CRIME OR OTHER WRONGDOING AND THAT A COURT SHOULD CONSIDER THE UNTRUSTWORTHINESS OF A CONFESSION MADE BY A BIPOLAR SUFFERER.

- About half of all bipolar sufferers will experience psychosis which often leads to delusions.

- Often mental health professionals misdiagnose, mistreat, and are unable to assess the degradation and symptoms of a bipolar sufferer.

- A bipolar sufferer is often not competent and it is incumbent on defense counsel and support network to investigate and mitigate a sufferer's mental degradation.

- Bipolar is known as the "CEO's disease" for the frequent cases of seemingly successful people being debilitated by this disorder.

- The legal system recognizes bipolar disorder as a serious disease which can impact a sufferer's sanity at the time of a crime and competence to stand trial.

- Dr. David Charney, a prominent psychiatrist, diagnosed Mr. Debbins with bipolar disorder. His diagnosis was confirmed by the Alexandria, Virginia county jail psychiatrist who prescribed the anti-psychotic, Risperdal, and again confirmed by an Ashland, Kentucky FCI psychologist who advised Mr. Debbins

TO INCREASE HIS DOSAGE.

- THE GOVERNMENT PREVIOUSLY ASKED THIS COURT TO DISREGARD DR. CHARNEY'S PSYCHIATRIC ASSESSMENT AT SENTENCING BUT IS NOW CITING THE ASSESSMENT IN ITS RESPONSE TO MR. DEBBINS PETITION.

- BIPOLAR SUFFERERS WILL GIVE FALSE OR DIVERGENT OR CONTRADICTORY CLAIMS NOT BECAUSE THEY ARE DELIBERATELY LYING BUT DUE TO THE FACT THAT THEY ARE UNABLE TO DISTINGUISH REALITY FROM FANTASY.

- BIPOLAR DEGRADES MEMORY AND EXECUTIVE FUNCTION, ~~SOME~~ THINGS ESPECIALLY NEEDED IN LEGAL ~~CASES~~ DEFENSE.

- THE GOVERNMENT DID NOT CONDUCT THEIR OWN PSYCHIATRIC ASSESSMENT

WITH THESE FACTS, MR. DEBBINS RESPECTFULLY ASKS THIS COURT TO ACCEPT THE MERITS OF HIS PETITION.

## DISCUSSION

MR. DEBBINS RESPECTFULLY RESPONDS TO THE GOVERNMENT'S ARGUMENTS AND DEMONSTRATE THAT THEY HAVE NO MERIT.

"I. DEBBINS'S CLAIMS CHALLENGING HIS COMPETENCY HAVE NO MERIT" (PAGE 8). ~~THE~~

THE GOVERNMENT WRITES THAT "DR. CHARNEY DID NOT FIND (PAGE 9) OR SUGGEST THAT DEBBINS WAS INCOMPETENT." DR. CHARNEY

did not assess Mr. Debbins' competency nor the veracity of his claims. Dr. Charney's diagnosis of bipolar itself should have raised the inquiry of Mr. Debbins' competency. Bipolar disorder is a serious and devastating neurological disease which can render a sufferer incapable of distinguishing reality from fantasy impeding the "'ability to consult with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him' (quoting Dusky v United States, 362 U.S. 402, 402 (1960)" (page 8).

 Mr. Debbins' counsel, as legal professionals, should have known of the seriousness of bipolar disorder and should have ensured Mr. Debbins' competency was not impacted by the disease and advise Mr. Debbins to seek knowledge and treatment.

 The government writes "the fact that a psychiatrist evaluated Debbins during the relevant time and did not find that he was incompetent undercuts Debbins's current claim." (page 9) Again Dr. Charney did not assess competence, nor was he able to provide accurate details in his assessment given that

MR. DEBBINS WAS NOT STABILIZED ON MEDICATION WHICH COULD HAVE ENSURED AN ACCURATE ASSESSMENT AND GIVEN CONFIDENCE OF COMPETENCY

DR. CHARNEY'S DESCRIPTION OF DEBBINS AS "VERY INTELLIGENT, WELL-EDUCATED, AND WELL-SPOKEN" (PAGE 9) DOES NOT TRANSLATE AS POSSESSING COMPETENCY GIVEN THE UNDERLYING DISEASE. IN FACT, BIPOLAR SUFFERERS OFTEN ARE VERY INTELLIGENT, WELL-EDUCATED, AND WELL-SPOKEN. DR. CHARNEY'S OBSERVATION THAT MR. DEBBINS COULD BE "EMOTIONALLY ALL OVER THE MAP, CONFUSED, AND SELF-CONTRADICTORY" (PAGE 9) SHOWS THAT MR. DEBBINS' COMPETENCY ~~WAS~~ IS IN DOUBT. DR. CHARNEY'S OBSERVATION THAT MR. DEBBINS "BECAME CALMER, MORE ORGANIZED, MORE COHERENT AND HE WAS ABLE TO REFINE HIS STORY MORE INTELLEGIBLY" SHOW THAT MR. DEBBINS' COMPETENCY WAS SEVERELY DEGRADED WHEN HE MADE HIS CLAIMS TO THE FBI AND WHEN ENTERED HIS PLEA PRIOR TO DR. CHARNEY'S EVALUATIONS.

MR. DEBBINS' STATEMENT AND DEMEANOR DURING THE RULE 11 PLEA COLLOQUY (PAGE 10) FAILS TO REFLECT COMPETENCY. THE RULE 11 PLEA COLLOQUY WAS SUBMITTED WHILE SUFFERING

UNTREATED BIPOLAR DISORDER. A BIPOLAR SUFFERER CAN APPEAR OUTWARDLY COHERENT YET BE SUBSUMED BY DELUSIONS AND PSYCHOSES. MR. DEBBINS PLEAD GUILTY BECAUSE HIS COUNSEL ADVISED HIM THAT HE WOULD LOSE A TRIAL. HIS COUNSEL PROVIDED INSUFFICIENT ADVICE ABOUT HIS LEGAL OPTIONS AND POSSIBLE DEFENSES SUCH AS SUPPRESSION OF STATEMENTS AND USING THE TRUSTWORTHINESS DOCTRINE, WHICH HE LEARNED OF ONLY AFTER RECEIVING ANTI-PSYCHOTIC MEDICATION AND CONDUCTING LEGAL RESEARCH. UNTIL MR. DEBBINS RECEIVED MEDICATION, HE WAS UNDER THE DELUSIONAL BELIEF THAT THIS WHOLE ORDEAL HAD NOTHING TO DO WITH HIS CLAIMS BUT INSTEAD WAS DIVINE PUNISHMENT FOR PRACTICING THE OCCULT AND OTHER SPIRITUAL MISDEEDS.

    MR. DEBBINS' SUBMITTAL OF AN ALMOST FOUR PAGE SINGLE-SPACED LETTER IN WHICH HE SOUGHT TO MITIGATE HIS OFFENSE (PAGE 11) SHOW THE DEGRADATION OF HIS BIPOLAR DISORDER. SUFFERERS WILL OFTEN EXPOUND ON THEIR DELUSIONS DEMONSTRATING THAT MR. DEBBINS DID NOT HAVE "FULL COMMAND OF THE NATURE AND PURPOSE OF THE PROCEEDINGS" (PAGE 12). THE FACT THAT A NUMBER OF HIS MITIGATION ARGUMENTS WERE "FLAT CONTRADICTED BY WHAT

HE TOLD LAW ENFORCEMENT AGENTS DURING THE INVESTIGATION" (PAGE 11) SHOW THAT MR. DEBBINS' UNTREATED DISEASE RENDERED HIM UNABLE TO RECALL DETAILS OF HIS CASE AND DISTINGUISH BETWEEN REALITY AND FANTASY.

THE GOVERNMENT ARGUES TWO CONTRADICTORY POINTS WRITING "DEBBINS'S PRO SE PLEADINGS WERE MISGUIDED" (PAGE 12) AND YET THEY SOMEHOW "REINFORCE THAT HE UNDERSTOOD THE PROCEEDINGS AGAINST HIM." MR. DEBBINS PRO SE MOTIONS SHOW THAT HE DID NOT FULLY COMPREHEND THE PLEA AGREEMENT.

THE GOVERNMENT'S ARGUMENT THAT DEBBINS "PRESENTS NO MEDICAL RECORD SUPPORTING HIS CLAIM" (PAGE 12) IS PATENTLY FALSE. THE DIAGNOSIS OF BIPOLAR, WHICH IS OFTEN ACCOMPANIED BY PSYCHOSES AND DELUSIONS, WAS DIAGNOSED BY A PROMINENT PSYCHIATRIST WHO PRESENTED HIS DIAGNOSIS TO THIS COURT. THE DIAGNOSIS WAS CONFIRMED BY THE COUNTY JAIL PSYCHIATRIST, WHO PRESCRIBED ANTI-PSYCHOTIC MEDICATION, AND AGAIN CONFIRMED BY A BOP PSYCHOLOGIST WHO ADVISED MR. DEBBINS TO INCREASE HIS DOSAGE.

"AN ATTORNEY MUST INVESTIGATE HIS CLIENT'S COMPETENCY IF THE FACTS [ARE] KNOWN AND AVAILABLE" (PAGE 13).

DR. CHARNEY'S DIAGNOSIS SHOULD HAVE LED TO HIS COUNSEL TO INVESTIGATE MR. DEBBINS' COMPETENCE AND TRUSTWORTHINESS OF HIS UNCORROBORATED CONFESSION. BEING LEGAL PROFESSIONALS, MR. DEBBINS' COUNSEL SHOULD HAVE KNOWN THAT A SUCCESSFUL LIFE EXPERIENCE IN NO GUARANTER OF COMPETENCY AND VERACITY OF A BIPOLAR SUFFERER. IN FACT, BIPOLAR IS KNOWN AS THE "CEO'S DISEASE" FOR ITS PREVELENCE IN SUCCESSFUL PEOPLE. COUNSEL SHOULD HAVE KNOWN BIPOLAR IS SUFFICIENTLY DEBILITATING TO ADVISE A SUFFERING CLIENT TO SEEK TREATMENT BEFORE ENTERING A PLEA.

   MR. DEBBINS GAVE REASONS TO HIS COUNSEL TO QUESTION HIS COMPETENCY (PAGE 15) WHEN HE SAID HIS CLAIMS WERE A DELUSION AND WHEN DR. CHARNEY DIAGNOSED HIM WITH BIPOLAR. A DEFENSE COUNSEL SHOULD ERR ON THE SIDE OF THOROUGHLY INVESTIGATING COMPETENCY WHEN THERE IS INDICATION OF DOUBT. A DEFENDENT WITH MENTAL ILLNESS IN CUSTODY OFTEN HAS INSURMONTABLE BARRIERS TO ADVOCATING ON HIS BEHALF. THERE IS A LACK OF ACCESS TO EDUCATION, TREATMENT, AND SUPPORT NETWORKS, KEY TO ANY SUCCESSFUL MANAGEMENT OF MENTAL ILLNESS. MR. DEBBINS WAS

FURTHER HANDICAPPED WHEN COUNSEL ADVISED MR. DEBBINS NOT TO TELL THE COUNTY JAIL PSYCHOLOGIST THAT HE HAD PSYCHOSES. IN ADDITION, THE COUNTY JAIL PSYCHIATRIST PRESCRIBED THE INCORRECT MEDICATION FOR ANXIETY AND DEPRESSION. HE PRESCRIBED AN ANTI-HISTAMINE WHEN HE SHOULD HAVE PRESCRIBED AN ANTI-DEPRESSANT, SUCH PROZAC, WHICH MR. DEBBINS EVENTUAL RECEIVED, AND WHICH WOULD HAVE AIDED HIS COMPETENCY. SUCH ERRORS IN PRESCRIBING MEDICATION IS COMMON IN TREATING MENTAL ILLNESS, ESPECIALLY WITH BIPOLAR, A PROBLEMATIC DISEASE.

"II. DEBBINS'S CLAIM THAT HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS HIS ADMISSIONS HAS NO MERIT." (PAGE 16)

BIPOLAR CREATES DEFECTS IN MEMORY AND EXECUTIVE FUNCTION WHICH RESULTED IN MR. DEBBINS ERRONEOUSLY REPRESENTING TO THIS COURT THAT HIS CLAIMS TO THE DIA AND FBI WERE VOLUNTARY." (PAGE 17) COUNSEL FAILED TO PRESENT AND ADVISE MR. DEBBINS ON THE CIRCUMSTANCES WHICH WOULD HAVE RENDERED HIS CLAIMS TO THE FBI AS INVOLUNTARY. MR. DEBBINS WAS UNAWARE OF THE LEGAL POSSIBILITY OF SUPPRESSING STATEMENTS.

MR. DEBBINS CLAIMS THAT ME "FREELY AND FULLY DISCLOSED [HIS] ENCOUNTERS WITH THE GRU" (PAGE 18) AND OTHER CLAIMS OF FREE WILL REFLECT THE DEGRADATION CAUSED BY HIS BIPOLAR DISORDER WHICH RESULTED IN HIM MAKING GRANDIOUS DELUSION CLAIMS.

THE CLAIMS MR. DEBBINS MADE TO DR. CHARNEY THAT HIS DISCLOSURE TO THE FBI WAS A "CRY FOR HELP"; "I NEEDED TO GET MY HUMANITY BACK"; AND "I WAS LIVING IN HELL FOR 25 YEARS" (PAGE 19) DEMONSTRATE THAT MR. DEBBINS WAS SEVERELY SUFFERING PERSECUTORY DELUSIONS AND LACKED THE KNOWLEDGE AND ABILITY TO EXERCISE FREE WILL WHEN ENGAGING WITH AUTHORITY FIGURES.

"B. DEBBINS HAS FAILED TO PROVE THAT THE GOVERNMENT COMPELLED OR COERCED HIS STATEMENTS.
 · 1. DEBBINS'S CLAIM OF ECONOMIC COERCION HAS NO MERIT" (PAGE 19)

MR. DEBBINS WAS UNDER ECONOMIC COERCION GIVEN THE TOTALITY OF THE CIRCUMSTANCES. THAT FACT THAT THE CLAIMS WERE MADE IN THE CIRCUMSTANCES OF MR. DEBBINS' CONTINUED EMPLOYMENT WITH THE DIA PROVES THAT ECONOMIC COERCION EXISTED. MR. DEBBINS DID NOT MAKE THE INCULPATORY CLAIMS UNDER ANY OTHER CIRCUMSTANCE.

"i. DEBBINS KNOWINGLY WAIVED ANY GARRITY CLAIM AT THE TIME OF HIS GUILTY PLEA" (PAGE 21)

MR. DEBBINS SIGNED THE GARRITY WAIVER WITHOUT A REVIEW BEING CONDUCTED WITH COUNSEL. THE GARRITY WAIVER WAS PRESENTED AT THE PLEA HEARING ON NOVEMBER 18, 2020. IT WAS NOT INCLUDED IN THE PLEA AGREEMENT PACKET PROVIDED TO MR. DEBBINS PRIOR TO THE PLEA HEARING. MR. DEBBINS WAS UNAWARE OF THE IMPLICATION OF ECONOMIC COERCION SINCE COUNSEL FAILED TO DISCUSS IT WITH HIM. THE GARRITY WAIVER WAS SIGNED BY MR. DEBBINS WHEN HE WAS SUFFERING UNDIAGNOSED AND UNTREATED BIPOLAR DISORDER.

"ii. DEBBINS HAS FAILED TO SHOW THAT HE WAS THREATENED WITH JOB LOSS OR SIMILAR COERCIVE PENALTY TO COMPEL HIM TO MAKE ADMISSIONS" (PAGE 23)

MR. DEBBINS WAS TAKEN OFF HIS CONTRACT AFTER HE MADE THE CLAIMS WHICH WAS A LOSS OF EMPLOYMENT PENDING FBI ACTION, IMPACTING HIS FREE WILL.

"iii. THE EVIDENCE PROVES THAT DEBBINS'S STATEMENTS TO THE FBI WERE VOLUNTARY AND ATTENUATED FROM HIS POLYGRAPH" (PAGE 24)

MR. DEBBINS COOPERATED WITH THE FBI BECAUSE HE FEARED NEGATIVE CONSEQUENCES IF HE FAILED TO COOPERATE. MR. DEBBINS

WAS IN A DEGRADED MENTAL STATE AND COULD NOT EXERCISE THE ABILITY TO REFUSE TO COOPERATE OR REFLECT ON HIS COOPERATION WITH THE FBI. MR. DEBBINS RESPECTFULLY ASKS THIS COURT TO CONSIDER WHAT WOULD HAVE HAPPENED TO HIM IF HE REFUSED TO COOPERATE: HE WOULD HAVE NOT HAD THE POSSIBILITY TO RETURN TO HIS EMPLOYMENT WITH THE DIA. IN ADDITION HE WOULD HAVE BEEN SUBJECTED TO AN INVESTIGATION BY THE FBI, WHICH WOULD HAVE DEGRADED HIS CIRCUMSTANCES. MR. DEBBINS RESPECTFULLY ASKS THIS COURT TO CONSIDER A PERSON SUFFERING UNTREATED BIPOLAR, AND LIKELY IN AN EPISODE, AS INCAPABLE OF MAKING A VOLUNTARY ADMISSION TO AUTHORITY FIGURES WHILE UNDER THE PRESSURE, ~~WHETHER~~ ACTUAL OR DELUSIONAL, OF FEAR OF NEGATIVE CONSEQUENCES.

"iv. DEBBINS CANNOT SHOW THAT THE GOVERNMENT MADE IMPERMISSIBLE USE OF HIS ADMISSIONS TO THE DIA" (PAGE 26)

MR. DEBBINS DOES NOT ARGUE IN HIS PETITION THAT THE GOVERNMENT MADE IMPERMISSIBLE USE OF HIS ADMISSIONS TO THE DIA. MR. DEBBINS WAS UNDER THE BELIEF, ALTHOUGH INCORRECT, THAT THE GOVERNMENT HAD ACCESS TO HIS ADMISSIONS TO THE DIA, WHICH OVERWHELMED HIS FREE WILL.

"2. THE FBI DID NOT OTHERWISE COERCE DEBBINS INTO MAKING INVOLUNTARY ADMISSIONS" (PAGE 26)

GIVEN THE TOTALITY OF THE CIRCUMSTANCE: MENTAL ILLNESS; LOSS OF EMPLOYMENT; FEAR OF AUTHORITY; AND POTENTIAL OF NEGATIVE CONSEQUENCES, MR. DEBBINS' INCULPATORY CLAIMS WERE RENDERED INVOLUNTARY EVEN WITHOUT OVERT GOVERNMENT COERCION.

THE GOVERNMENT ARGUES THAT "DEBBINS PROVIDES NO EVIDENCE TO SUPPORT HIS CLAIMS THAT HE SUFFERED FROM PSYCHOSIS." (PAGE 28) MR. DEBBINS PROVIDED CLAIMS OF PSYCHOSIS IN HIS WRITTEN LETTER TO THE COURT IN WHICH HE WROTE OF DELUSIONS AND HALLUCINATIONS. MR. DEBBINS TOLD DR. CHARNEY OF HIS DELUSIONS AND HALLUCINATIONS. SINCE IMAGINED PHENOMENONS IN THEMSELVES CAN NOT BE PROVEN, IT IS ESTABLISHED THAT A MENTALLY ILL PERSON HAS PSYCHOSIS BY HIS STATEMENTS AND BEHAVIOUR. MR. DEBBINS UNCORROBORATED AND PERSECUTORY CLAIMS AND ERRATIC BEHAVIOUR DURING THE FBI INTERROGATIONS PROVE PSYCHOSIS.

MR. DEBBINS MADE HIS ADMISSION IN THE STATEMENT OF FACTS (PAGE 28) WHILE SUFFERING UNDIAGNOSED AND UNTREATED BIPOLAR DISORDER WHICH RENDERED SUCH ADMISSION AS LACKING KNOWLEDGE AND FREE WILL.

MR. DEBBINS WAS NOT IN CUSTODY (PAGE 28) AT THE TIME OF THE INTERROGATIONS, HOWEVER COURTS HAVE REPEATEDLY RULED THAT NON-CUSTODIAL SETTINGS CAN BE COERCIVE GIVEN THE TOTALITY OF THE CIRCUMSTANCES AND THE MENTAL STATE OF THE DEFENDANT.

"III. DEBBINS'S CLAIM THAT HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE A MOTION TO SUPPRESS HIS STATEMENTS TO A THIRD PARTY HAS NO MERIT" (PAGE 29)

COERCION WAS TO BE CONSIDERED IN THE TOTALITY OF THE CIRCUMSTANCES. GIVEN HIS MENTAL STATE, THE GOVERNMENT'S POWER OF AUTHORITY, AND EMPLOYMENT FACTORS, MR. DEBBINS' FREE WILL WAS OVERBORNE. IN ADDITION, MR. DEBBINS' CLAIMS TO THE THIRD PARTY LACK CORROBORATION AND ARE UNTRUSTWORTHY.

"IV. COUNSEL WAS NOT INEFFECTIVE IN ADVISING DEBBINS TO PLEAD GUILTY INSTEAD OF CHALLENGING THE SUFFICIENCY OF THE EVIDENCE CORROBORATING HIS ADMISSION."

MR. DEBBINS' COUNSEL DID NOT PRESENT NOR DISCUSS THE TRUSTWORTHINESS DOCTRINE WITH MR. DEBBINS WHICH SHOULD HAVE BEEN EXPLORED GIVEN THERE IS NO EVIDENCE THAT THE OFFENSE WAS COMMITTED, AND THE INCULPATORY CLAIMS WERE A PRODUCT OF MENTAL ILLNESS. IN HIS PETITION MR. DEBBINS PRESENTED TO THIS COURT WHY HIS

INCULPATORY CLAIMS ARE UNTRUSTWORTHY, AND HOW THE EXTRINSIC FACTS SUCH AS TRAVEL, PHOTOGRAPHS, AND BIOGRAPHICAL INFORMATION ARE BENIGN. MR. DEBBINS WILL AGAIN REFUTE THE "EVIDENCE" PROVIDED BY THE GOVERNMENT IN ITS RESPONSE:

- EMAILS WITH CLAIMED RUSSIAN INTELLIGENCE AGENT (PAGE 32).

THE GOVERNMENT HAS FAILED TO ESTABLISH THAT THIS RUSSIAN NATIONAL WAS A RUSSIAN INTELLIGENCE AGENT. MR. DEBBINS' CLAIMS TO THE FBI THAT THIS INDIVIDUAL WAS A RUSSIAN INTELLIGENCE AGENT LACK ANY EVIDENCE AND ARE A PRODUCT OF DELUSIONS. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO EMAILED AND MET WITH A RUSSIAN NATIONAL.

- EMAILS WITH RUSSIAN NATIONAL, WHOM DEBBINS CLAIMED WAS INTRODUCED BY A RUSSIAN INTELLIGENCE AGENT. (PAGE 32)

AGAIN THE GOVERNMENT HAS FAILED TO ESTABLISH THAT MR. DEBBINS MET WITH A RUSSIAN INTELLIGENCE AGENT. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO MET WITH A RUSSIAN NATIONAL.

- PASSPORTS AND OTHER TRAVEL RECORDS CONFIRMING TRAVEL. (PAGE 32)

AGAIN THE GOVERNMENT FAILED TO ESTABLISH THAT MR. DEBBINS MET WITH RISS, ESPECIALLY CONSIDERING THAT MR. DEBBINS REPORTED

POTENTIAL RISS ACTIVITIES AGAINST HIM IN 2003 AND 2012, AND IN 2005 REPORTED ACTIVITY, WHICH CONFIRMED HIS FIDELITY TO THE UNITED STATES. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO HAD REGULARLY TRAVELLED TO RUSSIA.

- WITNESS AND DOCUMENTARY EVIDENCE. (PAGE 32)

THE GOVERNMENT FAILED TO ESTABLISH THAT MR. DEBBINS PROVIDED INFORMATION TO RISS. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO HAD SIMILAR KNOWLEDGE.

- LETTER AT SENTENCING FROM SPECIAL FORCES TEAM MEMBER. (PAGE 32)

THIS INDIVIDUAL WAS NOT A MEMBER OF SPECIAL FORCES. MR. DEBBINS CLAIMED HE PROVIDED HIS NAME TO RISS AT THE DIA POLYGRAPH BUT NOT AT THE FBI INTERROGATIONS. THE GOVERNMENT FAILED TO ESTABLISH THAT HIS NAME WAS DISCLOSED TO RISS. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO HAD SIMILAR KNOWLEDGE.

- PHOTOGRAPH IN RUSSIAN MILITARY UNIFORM. (PAGE 32)

PHOTOGRAPH WAS TAKEN IN 1994, OUTSIDE THE TIMEFRAME OF THE CLAIMED CONSPIRACY. ANOTHER AMERICAN IS IN THE PHOTOGRAPH TAKEN WHILE GUEST AT A RUSSIAN'S HOME. THE GOVERNMENT FAILED TO ESTABLISH ANY NEFARIOUS ACTIVITIES WITH THE PHOTOGRAPH, NOR DID MR. DEBBINS

PAGE 18 OF 20

MAKE ANY CLAIMS ASSOCIATED WITH THE PHOTOGRAPH. BY SUCH "EVIDENCE" THE GOVERNMENT COULD CHARGE ANYONE WHO HAS A PHOTOGRAPH OF BEING IN A RUSSIAN MILITARY UNIFORM. THE GOVERNMENT'S INCLUSION OF THIS PHOTOGRAPH AS "EVIDENCE" DEMONSTRATES THE WEAKNESS OF THE GOVERNMENT'S CASE.

- "TWO CODED COMMUNICATIONS" (PAGE 33) IN EMAILS DISCUSSING COMMERICAL BUSINESS.

IT TAKES A DELUSION TO INTERPRET THESE SENTENCES AS SOMETHING NEFARIOUS. SUCH CLAIM BY THE GOVERNMENT REQUIRES AN UNHEALTHY IMAGINATION TO CONSTRUE ANY PHRASE OR SENTENCE AS NEFARIOUS. AGAIN SHOWING THE WEAKNESS OF THE GOVERNMENT'S CASE.

WHEN LOOKING AT THESE "INDEPENDENT EVIDENCES" AND MR. DEBBINS' MENTAL ILLNESSES A JURY WOULD CONCLUDE THAT MR. DEBBINS' INCULPATORY CLAIMS ARE UNTRUSTWORTHY. MR. DEBBINS' COUNSEL NEVER PRESENTED NOR DISCUSS THE LEGAL OPTION OF THE TRUSTWORTHINESS DOCTRINE WITH MR. DEBBINS.

"V. DEBBINS HAS FAILED TO ESTABLISH THAT HIS COUNSEL WAS INEFFECTIVE BY NOT PROVIDING HIM WITH DISCOVERY" (PAGE 34)

COUNSEL'S FAILURE TO PROVIDE DISCOVERY DEMONSTRATES

PAGE 19 OF 20

THAT COUNSEL HAD A PATTERN OF NEGLIGENCE IN THEIR OBLIGATION TO ASSIST MR. DEBBINS.

"VI. DEBBINS HAD FAILED TO ESTABLISH THAT HIS COUNSEL WAS INEFFECTIVE BY NOT PROVIDING HIM WITH A COPY OF THE SENTENCING PACKET EARLIER." (PAGE 35)

COUNSEL'S FAILURE TO PROVIDE THE SENTENCING PACKET IN A TIMELY MANNER DEMONSTRATES THAT COUNSEL HAD A PATTERN OF NEGLIGENCE IN THEIR OBLIGATION TO ASSIST MR. DEBBINS

## CONCLUSION

THE GOVERNMENT'S OPPOSITION TO MR. DEBBINS' 2255 PETITION HAS NO MERIT AND MR. DEBBINS RESPECTFULLY REQUEST THAT THIS COURT DISMISS THE GOVERNMENT'S OPPOSITION. MR. DEBBINS RESPECTFULLY REQUEST THIS COURT TO PROCEED WITH HIS 2255 PETITION FOR RELIEF.

RESPECTFULLY SUBMITTED

MARCH 5, 2023    BY [signature]

PETER DEBBINS
05852509
U.S. PENITENTIARY MAX.
P.O. BOX 8500
FLORENCE, COLORADO
81226-8500