IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS  )
                                )
            PETITIONER,         )
                                ) CRIMINAL CASE NO. 1:20-CR-193
       V.                       ) CIVIL ACTION NO. 1:22-CV-991
                                )
UNITED STATES OF AMERICA        ) THE HONORABLE CLAUDE M. HILTON
                                )
            RESPONDENT,         )

REQUEST FOR APPOINTED COUNSEL

MR. DEBBINS, THE PETITIONER, RESPECTFULLY REQUEST THIS

COURT TO APPOINT COUNSEL TO ASSIST HIM WITH POST-CONVICTION

MOTIONS. A COURT MAY APPOINT COUNSEL "AT ANY STAGE" IF "THE

INTEREST OF JUSTICE SO REQUIRES" (SEE SECTION 2255 RULES, SUPRA

NOTE 2948, R. 8(c); AND SEE 18 U.S.C. § 3006 A (a)(2)(B)), AND

PAGE 1 OF 18

THE PETITIONER IS FINANCIALLY UNABLE TO AFFORD COUNSEL. IN MR. DEBBINS' CASE THE INTEREST OF JUSTICE REQUIRES HIM TO HAVE COUNSEL BECAUSE HE HAS BEEN SEVERELY OBSTRUCTED IN PREPARING AND SUBMITTING HIS POST-CONVICTION MOTIONS DUE TO SPECIAL ADMINISTRATIVE MEASURES (SAMS) IMPOSED ON HIM SINCE DECEMBER 2021. MR. DEBBINS HAS BEEN PLACED IN SUCH A DEGRADED CONDITION THAT HE HAS NOT BEEN ABLE TO EXERCISE HIS DUE PROCESS RIGHTS, AND THAT HIS ABILITY TO PREPARE AND SUBMIT MOTIONS IS THE EQUIVALENT OF BEING A MENTALLY ILL PETITIONER, ENTITLED TO APPOINTED COUNSEL (SEE SCHMID V. MCCAULEY, 825 F.3d 348, 350 (7TH CIR. 2016)).

DURING THE PREPARATION OF HIS 2255 PETITION MR. DEBBINS HAD ONLY INFREQUENT AND SEVERELY LIMITED ACCESS TO THE LAW LIBRARY DUE TO SAMS AT USP - BIG SANDY FROM

JANUARY 2022 TO DECEMBER 2022. NOR DID MR. DEBBINS HAVE

ACCESS TO HIS PSYCHIATRIC ASSESSMENT AND LEGAL DOCUMENTS, AND

ONLY BY CHANCE DID HE RECEIVE A COPY OF THE INDICTMENT AND

STATEMENT OF FACT SHORTLY BEFORE THE PETITION DEADLINE

(SEE WILLEY V. KIRKPATRICK, 801 F.3d 51, 69 (2ND CIR. 2015) —

LACK OF ACCESS TO LEGAL ASSISTANCE WHERE PETITIONER ALLEGED

"IRREPLACEABLE LEGAL DOCUMENTS" STOLEN OR DESTROYED). THIS

LACK OF ACCESS PREVENTED MR. DEBBINS FROM CONDUCTING DUE

DILIGENCE FOR HIS 2255 PETITION (SEE MARSHALL V. KNIGHT, 445

F.3d 965, 968-69 (7TH CIR. 2006) — LACK OF ACCESS TO LEGAL

ASSISTANCE WHEN PRISON OFFICIALS DIMINISHED PRISONER'S ACCESS

TO LAW LIBRARY); AND (SEE CEPULONIS V. FAIR, 732 F.2d 1, 3

(1ST CIR. 1984) — LACK OF ACCESS TO LEGAL ASSISTANCE WHERE

PETITIONER ALLOWED NO MORE THAN 3 HOURS OF LAW LIBRARY

TIME PER MONTH). MR. DEBBINS ~~HAS~~ ONLY RECEIVED HIS PSYCHIATRIC

ASSESSMENT IN FEBRUARY 2023. HIS LEGAL DOCUMENTS WERE LOST

IN THE PRISON TRANSFERS.

    IN ADDITION, THE COURT MUST APPOINT COUNSEL FOR

INDIGENT PETITIONER WHEN NECESSARY FOR PETITIONER'S

EFFECTIVE UTILIZATION OF DISCOVERY (SEE SECTION 2255 RULES,

SUPRA NOTE 2948, R. 6(a)). MR. DEBBINS HAS NOT HAD ANY

ACCESS TO DISCOVERY.

    DUE TO SAMS MR. DEBBINS HAS NOT ~~HAD ANY~~ BEEN

ALLOWED ACCESS TO OTHER INMATES WHO COULD ASSIST HIM IN

FILING HIS MOTIONS (SEE JOHNSON V. AVERY, 393 U.S. 483, 490

(1969) —— RIGHT OF ACCESS VIOLATED BY POLICY PROHIBITING

PRISONERS FROM ASSISTING EACH OTHER IN POST-CONVICTION

MATTERS WHEN NO ALTERNATIVE IS PROVIDED AND NO SPECIFIC

DISCIPLINARY CONCERN IS PRESENT). MR. DEBBINS HAS HAD NO

DISCIPLINARY ISSUES NOR BUREAU OF PRISONS (BOP) VIOLATIONS

WHICH WOULD WARRANT SAMS OR ANY RESTRICTION TO LEGAL

ACCESS. THE BOP HELD MR. DEBBINS AT THE LOW CUSTODY FCI

IN ASHLAND, KENTUCKY WHEN SAMS WAS ARBITRARILY IMPOSED

ON HIM. NO ALTERNATIVES TO INMATE ASSISTANCE HAVE BEEN

PROVIDED.

  DUE TO SAMS MR. DEBBINS HAS BEEN UNABLE TO OBTAIN

EXPERT TESTIMONY FOR HIS 2255 PETITION OR OTHER MOTIONS

WHICH COULD HAVE PROVIDED EVIDENCE AND ATTESTED TO THE MENTAL

HEALTH CLAIMS IN THE PETITION AND WHICH COULD HAVE PRESENTED

TO THIS COURT THE DELETERIOUS IMPACT OF UNTREATED BIPOLAR

DISORDER AND PTSD ON MR. DEBBINS' COMPETENCY. MR. DEBBINS

HAS NOT EVEN BEEN ALLOWED TO CONTACT DR. DAVID CHARNEY

whose insight from numerous sessions with Mr. Debbins would have provided to this court expert testimony on Mr. Debbins' mental state while not under medication. Dr. Charney described Mr. Debbins as "tortured" and "confused" in his psychiatric assessment submitted to this court to aid sentencing. The assessment itself raises doubts about Mr. Debbins' competency, and was submitted to this court only one week prior to the sentencing hearing, preventing this court itself from possibly realizing doubts about Mr. Debbins' competency (see Pate v. Robinson, 383 U.S. 386 (1966) — demeanor is not dispositive, demeanor at plea hearing is not determinative of competency).

In addition, expert testimony would provide to this court a case of Mr. Debbins' susceptibility to delusion

DISORDER WHICH IS OFTEN COMORBID WITH BIPOLAR DISORDER. A SUFFERER OF DELUSION DISORDER WILL OUTWARDLY APPEAR COHERENT AND BE ABLE TO MAINTAIN SOCIAL AND OCCUPATIONAL FUNCTIONALITY, BUT NEVERTHELESS BE SUBSUMED BY ELABORATE AND MADDENING DELUSIONS SUCH AS OF A PERSECUTORY (PARANOID) NATURE OR OF A GRANDIOUS OR DEPRAVED NATURE.

THE COURT APPOINTED COUNSEL WOULD:

1) ENSURE THAT THIS COURT RECEIVES MOTIONS AND CORRESPONDENCES FROM MR. DEBBINS. MR. DEBBINS HAS NO MEANS TO VERIFY THAT THIS COURT RECEIVED HIS MOTIONS AND CORRESPONDENCES. DUE TO SAMS MANY OF HIS CORRESPONDENCES HAVE NOT BEEN DELIVERED.

2) COUNSEL WOULD OBTAIN EXPERT TESTIMONY WHICH MR. DEBBINS CAN NOT DO DUE TO SAMS.

Case 1:20-cr-00193-CMH  Document 113  Filed 05/30/23  Page 8 of 18 PageID# 991

3) Counsel would assist with access to discovery.

4) Counsel would assist Mr. Debbins to prepare and submit a motion of reconsideration of the denial of his 2255 petition and/or submit an amended 2255 petition, with expert testimony, evidence, and claims which Mr. Debbins did not know about due to his lack of access to legal assistance. A court may appoint counsel to enable a petitioner to appeal an unsuccessful 2255 motion (see Savage v. U.S., 547 F.2d 212, 214 (3rd Cir. 1976)).

Regardless of the one-year deadline, a 2255 motion may be amended if the new claims relate back to the "common core of operative facts" of the previous claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure (see Hodge v. U.S., 554 F.3d 372, 378 (8th Cir. 2009)).

5) Counsel would request a retrospective competency hearing. A retrospective competency hearing is allowable if it can adequately evaluate a defendant's competency at time of the trial occurance (see U.S. v. Martinez, 446 F.3d 828, 881-82 (8TH Cir. 2006)). Failure of a court to conduct a competency hearing where appropriate violates due process (see McManus v. Neal, 779 F.3d 634, 656-60 (7TH Cir. 2015) — due process was violated by failure to conduct competency hearing due to defendant's mental instability and effect of multiple medication). Dr. Charney's alarming psychiatric assessment found Mr. Debbins "tortured", "confused", "scattershot", "somewhat incoherent", and "plunge even deeper into his strange fantasy world." Dr. Charney diagnosed him with

BIPOLAR DISORDER AND PTSD. MR. DEBBINS WAS ABLE TO ACHIEVE CONSIDERABLE RELIEF AFTER SENTENCING BEING PRESCRIBED THE ANTI-PSYCHOTIC, RISPERDAL, AND THE ANTI-DEPRESSANT, PROZAC. THESE FACTS SHOW REASONABLE CAUSE TO DOUBT THE ~~DEFENDANT'S~~ DEFENDANT'S COMPETENCY WHEN OBJECTIVE EVIDENCE OF MENTAL ILLNESS EXIST (SEE U.S. V. WINGO, 789 F.3d 1226, 1236-38 (11TH CIR. 2015)); AND (SEE SANDERS V. U.S., 373 U.S. 1, 19-20 (1963) — EVIDENTIARY HEARING REQUIRED FOR ALLEGATION DEFENDANT UNDER INFLUENCE OF DRUGS WHEN WAIVING INDICTMENT AND PLEADING GUILTY TO CHARGES IF SAME JUDGE PRESIDED OVER WAIVER (SEE SECTION 2255 RULES SUPRA NOTE 2948, R. 8(a)) — BIPOLAR DISORDER DISRUPTS BRAIN CHEMISTRY SIMILAR TO MIND ALTERING DRUGS/NARCOTICS).

PAGE 11 OF 18

PETITIONER MUST PROVE INCOMPETENCE BY PREPONDERANCE OF THE EVIDENCE (SEE ZAPATA V. ESTELLE, 585 F.2d 750, 752 (5TH CIR. 1978)) — BURDEN OF PROOF IS PREPONDERANCE, NOT CLEAR AND CONVINCING (SEE BRUCE V. ESTELLE, 536 F.2d 1051, 1059 (5TH CIR. 1976)) — HIGHER BURDEN WOULD RAISE DUE PROCESS CONCERN.

6) COUNSEL WOULD ASSIST IN PREPARING A SUBSEQUENT AND/OR AMENDED PETITION WHICH WOULD RAISE MR. DEBBINS' INABILITY TO CONFRONT WITH WITNESSES AGAINST HIM (HIS MENTALLY ILL SELF) AND TO HAVE A COMPULSARY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR (HIMSELF AFTER TREATMENT, AND HAVING EXPERT TESTIMONY ON MENTAL ILLNESSES). MR DEBBINS' LACK OF TREATMENT RENDERED HIM UNABLE TO EXERCISE THESE RIGHTS DURING TRIAL. IN ADDITION,

LACK OF TREATMENT MADE HIM UNAWARE OF THE IMPACT OF MENTAL ILLNESSES (SEE U.S. V. O'MALLEY, 833 F.3d 810, 813 (7TH CIR. 2016) — 2255 MOTION ALLOWED WHEN DEFENDANT DISCOVERED NEW EVIDENCE INVOKING CONSTITUTIONAL THEORY).

MR. DEBBINS' SUBSEQUENT/AMENDED 2255 PETITION WOULD ALSO RAISE THE EVIDENCE THAT HE MADE A FALSE CONFESSION AND HIS INCULPATORY CLAIMS ARE A PRODUCT OF MENTAL ILLNESSES. HE DID NOT RAISE IT AT TRIAL BECAUSE HE LACKED TREATMENT, KNOWLEDGE OF MENTAL ILLNESSES, AND KNOWLEDGE OF THE LAW (SEE CONLEY V. U.S., 323 F.3d 7, 14 (1ST CIR. 2003) — 2255 MOTION ALLOWED WHEN "NEW EVIDENCE" WRONGFULLY WITHHELD CAN PREVAIL ON A LESSER SHOWING OF PREJUDICE THAN CLAIMS BASED ON NEWLY-DISCOVERED EVIDENCE).

MR. DEBBINS WAS WRONGFULLY DENIED TREATMENT FOR

MENTAL ILLNESSES BY INEFFECTIVE ASSISTANCE OF COUNSEL WHICH WITH HELD THE INFORMATION OF MENTAL DEGRADATION IN DR. CHARNEY'S ASSESSMENT FROM THE DEFENDANT AND THIS COURT, CAUSING "FUNDAMENTAL DEFECT WHICH INHERENTLY RESULTS IN A COMPLETE MISCARRIAGE OF JUSTICE" (SEE U.S. V. CARTER, 117 F.3d 262, 264 (5TH CIR. 1997) (PER CURIAM) — RULE 11 VIOLATION COGNIZABLE UNDER 2255 BECAUSE COURT ACCEPTED GUILTY PLEA WITH INSUFFICIENT FACTUAL BASIS); AND (SEE NEVAREZ-DIAZ V. U.S., 870 F.2d 417, 422 n. 1 (7TH CIR. 1989) — RULE 11 VIOLATION COGNIZABLE UNDER 2255 BECAUSE DEFENDANT MADE GUILTY PLEA UNKNOWINGLY AND ~~UNINTELLIGENTLY~~ UNINTELLIGENTLY); AND (SEE ENGLISH V. U.S., 998 F.2d 609, 611 (8TH CIR. 1993) — NEW EVIDENCE IS DISCOVERED AFTER TRIAL, LATE DISCOVERY IS NOT ATTRIBUTED TO LACK OF

DILIGENCE BY PETITIONER, EVIDENCE NOT MERELY CUMULATIVE OR IMPEACHING, AND EVIDENCE IS LIKELY TO PRODUCE ACQUITTAL).

THIS PETITION WOULD BE PAST THE FILING DEADLINE BUT THIS IS DUE TO THE EXTRAORDINARY CIRCUMSTANCES OF SAMS THAT UNCONSTITUTIONALLY PREVENTED FILING SUCH A PETITION AND DISCOVERY OF FACTS SUPPORTING CLAIMS PRESENTED COULD HAVE BEEN DISCOVERED THROUGH DUE DILIGENCE (SEE 28 U.S.C. § 2255(f)) WAS NOT POSSIBLE DUE TO SAMS (SEE JONES V. U.S., 689 F.3d 621, 626-28 (6TH CIR. 2012) — EQUITABLE TOLLING WHEN PETITIONER ILLITERATE, HAD SERIOUS MEDICAL CONDITION, AND SERIES OF PRISON TRANSFERS SEPARATED PETITIONER FROM LEGAL MATERIAL); AND (SEE U.S. V GABALDON, 522 F.3d 1121, 1126 (10TH CIR. 2008) — EQUITABLE TOLLING WHEN PETITIONER'S LEGAL MATERIAL CONFISCATED

SHORTLY BEFORE FILING DEADLINE).

MR. DEBBINS HAS SHOWN HE HAS BEEN PURSUING HIS RIGHTS DILIGENTLY BY: INFORMING THIS COURT OF HIS DEGRADED CONDITION DUE TO SAMS; REQUESTING APPOINTED COUNSEL IN 2022; REQUESTING A CONTINUANCE OF THE FILING DEADLINE; SUBMITTING A 2255 PETITION BEFORE THE FILING DEADLINE; AND SUBMITTING ADDITIONAL CORRESPONDENCES TO THIS COURT REGARDING HIS PETITION.

7) COUNSEL WOULD ASSIST WITH A MOTION FOR REHEARING OF MR. DEBBINS' CASE IN LIGHT OF MR. DEBBINS BEING ABLE TO RECEIVE MEDICATION AND TREATMENT FOR MENTAL ILLNESSES.

8) COUNSEL WOULD ASSIST WITH A MOTION FOR A NEW TRIAL AND/OR CORAM NOBIS MOTION IN LIGHT OF THE EVIDENCE THAT THE INCULPATORY CLAIMS ARE A DELUSIONAL

Case 1:20-cr-00193-CMH Document 113 Filed 05/30/23 Page 16 of 18 PageID# 999

PRODUCT OF MENTAL ILLNESSES. THIS EVIDENCE COULD NOT BE

PRESENTED TO THIS COURT BECAUSE OF MR. DEBBINS' UNTREATED

MENTAL ILLNESSES; LACK OF KNOWLEDGE OF MENTAL ILLNESS AND

KNOWLEDGE OF THE LAW; AND INEFFECTIVE ASSISTANCE OF

TRIAL COUNSEL WHICH "CLEARLY FELL BELOW THE LEVEL OF

CUSTOMARY SKILL AND KNOWLEDGE REQUIRED OF ATTORNEYS

WHEN ONLY ONE DEFENSE IS AVAILABLE" (SEE PROFITT V.

WALDRON, 831 F.2D 1249 (5TH CIR. 1987)). MR. DEBBINS DID

TELL HIS TRIAL COUNSEL THAT THE INCULPATORY CLAIMS WERE

A DELUSION (SEE U.S. V. STREATER, 70 F.3D 1314, 1318 (D.C.

CIR. 1995) —— DEFENDANT PREJUDICED IN MAKING GUILTY

PLEA BECAUSE INDUCED BY COUNSEL'S FAULTY LEGAL ADVICE

REGARDING ELEMENTS OF POSSIBLE DEFENSE).

    THE COURTS ARE REPLETE WITH CASES OF OVERTURNING

convictions due to diagnoses and treatment for mental illnesses (see Bouchillon v. Collins, 907 F.2d 589 (U.S. App. 5th Cir. 1990) — "evidence from the record and testimony showed that a prisoner suffered from PTSD at the time of the offense and plea and thus rendered him unable to understand the proceedings against him and to assist in his own defense"; and "attorney's failure to investigate his competency constitutes ineffective assistance of counsel" — "even if Bouchillon fail to prove incompetency by a preponderance of the evidence, he raised sufficient doubt to satisfy prejudice prong of ineffective assistance of counsel claim"); and (see U.S. v. Barrett, 797 F.3d 1207, 1227-28 (10th Cir. 2015) — evidentiary hearing required for claim

THAT COUNSEL INADEQUATELY INVESTIGATED DEFENDANT'S MENTAL HEALTH PROBLEMS).

 MR. DEBBINS RESPECTFULLY REQUEST THIS COURT FOR APPOINTED COUNSEL TO ASSIST HIM WITH POST-CONVICTION MOTIONS DUE TO THE MERITS OF HIS CASE AND HIS INABILITY TO EXERCISE HIS CONSTITUTIONAL DUE PROCESS RIGHTS DUE TO SAMS.

 MR. DEBBINS ALSO RESPECTFULLY REQUESTS THIS COURT TO MAIL HIM A CONFIRMATION THAT THIS COURT RECEIVED THIS MOTION, SINCE HE HAS NO MEANS TO VERIFY THIS COURT'S RECEIPT OF CORRESPONDENCES DUE TO SAMS.

      RESPECTFULLY SUBMITTED

MAY 20, 2023    *[signature]*

     PETER DEBBINS - 05852509
     U.S. PENITENTIARY MAX.
P.O. BOX 8500, FLORENCE, CO 81226-8500