IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS, )
)
PETITIONER, )
) CRIMINAL CASE NO. 1:20-CR-193
V. ) CIVIL ACTION NO. 1:22-CV-991
)
UNITED STATES OF AMERICA, )
) THE HONORABLE CLAUDE M. HILTON
RESPONDENT. )

CERTIFICATION 1

I, PETER RAFAEL DZIBINSKI DEBBINS, DO SOLEMNLY SWEAR UNDER THE PENALTIES OF PERJURY THAT THE FOLLOWING FACTS ARE TRUE AND ACCURATE.

1) I AM THE PETITIONER IN THE ABOVE CAPTIONED MATTER AND WHOLLY COGNIZANT OF THE FOLLOWING FACTS.

2) ON OR ABOUT AUGUST 25, 2022, I SUBMITTED A TIMELY MOTION, (DOCKET # 90) PRO-SE, AND IN ACCORD WITH 28 U.S.C. § 2255. I AM NOT TRAINED IN THE LAW NOR HAVE I EVER RECEIVED ASSISTANCE OR THE CAPACITY TO BECOME LEARNED. UNBEKNOWNST TO ME, AN EXPERT PSYCHIATRIST DIAGNOSED ME SUBSEQUENT TO MY SUBMISSION THAT I SUFFERED FROM A SERIOUS, DEBILITATING MENTAL DISEASE AND DEFECT WHICH IMPEDED AND PRECLUDED ME FROM UNDERSTANDING THE NATURE AND CONSEQUENCES OF MY

PAGE 1 OF 10

ALLEGED CRIMINAL MISCONDUCT AND WAS INCAPABLE OF CONFORMING MY CONDUCT TO THE LAW. I WAS LEGALLY MENTALLY ILL.

3) MOST IMPORTANTLY, EXPERT PSYCHIATRIC AND PSYCHOLOGICAL EVIDENCE HAS NOW BEEN ADDUCED WHICH TO AN ABSOLUTE CERTAINTY EVINCES AND OPINES THAT DUE TO THE MEDICAL DIAGNOSES CONFERRED UPON ME, I LACKED THE MENTAL CAPACITY TO UNDERSTAND OR REALIZE THAT I WAS EXTREMELY ILL. CONSEQUENTIALLY, I WAS DISEASED AND INCAPABLE OF BEING COGNIZANT OR LEGALLY RESPONSIBLE FOR MY ACTIONS AND OR THEIR IMPACTFUL CONSEQUENCES.

4) MEDICAL EXPERTS, BOTH EMPLOYED BY THE UNITED STATES DEPARTMENT OF JUSTICE AND A PRIVATE PRACTITIONER (DR. DAVID CHARNEY) (BOTH OF WHOSE PROFESSIONAL REPUTATIONS AND QUALIFICATIONS ARE BEYOND REPROACH), HAVE DIAGNOSED ME WITH DIAGNOSTIC STATISTICAL MANUAL (DSM) DISEASES AND ILLNESSES WHICH WOULD LEGALLY EXCUSE BOTH MY SPECIFIC AND GENERAL INTENT — "MENS-REA" FOR COMMISSION OF MY ALLEGED MISCONDUCT WHICH FORMED THE BASIS OF MY CRIMINAL ARREST, INDICTMENT, CHARGES, AND CONVICTION; AS WELL AS EVISCERATED MY MENTAL RESPONSIBILITY.

5) THE EXPERT MEDICAL — PROFESSIONAL DIAGNOSIS AND NEWLY PREPARED REPORTS ARE IRREFUTABLE — INDISPUTABLE, AS THE SEMINAL EXPERTS ARE INTRICAL COMPONENTS OF THE GOVERNMENT; AND HAVE BEEN TREATING ME

WITH PRESCRIBED MEDICATION ONLY WARRANTED AND JUSTIFIED FOR THE MOST EXTREME MENTAL - PSYCHIATRIC - PSYCHOLOGICAL DISEASES; — ILLNESSES AND ONES THAT ARE MIND ALTERING AND PSYCHOTROPICALLY EFFECTUATED.

THEY ARE RESERVED FOR THE MOST SUBSTANTIAL MENTAL ILLNESSES WHERE IN THE PRESCRIBED SUFFERS DELUSIONARY CONDUCT SUCH AS MINE, UNCONTROLLED IMPULSES AND IRRATIONAL - ILLOGICAL, AND ERRATIC — FANTASTICAL EPISODES; EXACTLY AS WHAT OCCURRED IN THE CASE SUB-JUDICE.

6) WHAT IS EXTRAORDINARILY PARAMONT IS THE FACT (EMPHASIS ADDED) THAT I WAS INCAPABLE OF COMPREHENDING THE "ESSENTIAL" NATURE OF MY SICKNESS AND HAD NO CLUE WHATSOEVER AS TO THE MAGNANIMOUS NATURE OF MY DISABILITY (A CONDITION KNOWN AS ANOSOGNOSIA) UNTIL THE EVE OF SENTENCING; WHEN I HAD ALREADY BEEN PLACED IN THE UNENVIABLE — SADISTIC POSITION OF IMPRISONMENT IN SOLITARY CONFINEMENT AND ALREADY EXPERIENCING SYMPTOMOLOGY THAT DELITEREOUSLY UNDERMINED MY ABILITY TO EVEN FUNCTION. ALL THESE MALADIES THAT CREATED THE CRIMINAL CHARGES IN MY CASE WERE INHERENTLY — INNATELY IN EXISTANCE WHEN I PLEAD GUILTY AND ALLOCUTED DURING MY PLEA AND ALLOCUTED DURING MY PLEA AS WELL AS DURING SENTENCING.

7) I SHOULD NOT BE SYSTEMATICALLY DEPRIVED OF MY 5TH, 6TH,

8TH, AND 14TH AMENDMENT(S) CONSTITUTIONAL RIGHTS WHEN I NOW HAVE AFFIRMATIVE PROOF THAT I COULD NOT HAVE BEEN LEGALLY RESPONSIBLE FOR MY ALLEGED CRIMINAL MISCONDUCT.

8) AS THIS HONORABLE COURT IS COGNIZANT, A 2255 PETITION MAY BE AMENDED, EVEN BEYOND THE ONE-YEAR STATUTE OF LIMITATION, IF THE CLAIMS ARE AN INTRICATE PART OF THE "COMMON CORE OF OPERATIVE FACTS." THE DEBILITATION OF UNTREATED MENTAL ILLNESSES CONTAINED IN THE ORIGINAL CLAIMS WHICH THE FACTS SUPRA ARE CATEGORICALLY AND UNEQUIVOCALLY. RULE 15(c), FED. R. CIV. P. SPECIFICALLY PROVIDES FOR THIS. (SEE ALSO, HODGE V. U.S., 554 F.3d 372, 378 (8TH CIR. 2009)).

9) THE GOVERNMENT IN ITS WATERSHED RESPONSIBILITY AND QUEST TO SEEK JUSTICE, SHOULD NOT OPPOSE THIS MOTION; ESPECIALLY SINCE THE GOVERNMENT WAS AWARE THAT THE ABHORRENT ALLEGATIONS I WAS CHARGED WITH DEPICT A WHOLESALE ABERRATION AND DEPARTURE FROM THE MY FAITHFUL DEDICATION AND DEVOTION TO MY COUNTRY AND FAMILY. MY ACTIONS LISTED IN THE ORIGINAL 2255 ARE COUNTER-INDICATIVE OF A CONSPIRACY AGAINST AMERICA. THEY ARE "PER SE" flawed!

MOREOVER, THE GOVERNMENT KNEW OR SHOULD HAVE KNOWN THAT IF I HAD RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL, BOTH THE

GOVERNMENT AS WELL AS DEFENSE COUNSEL, SHOULD HAVE ORDERED AN THOROUGH PSYCHIATRIC EXAMINATION, ANALYSIS, AND TREATMENT PRIOR TO SCHEDULED SENTENCING; WHICH WOULD HAVE ALLOWED FOR A WITHDRAWAL OF THE GUILTY PLEA AND ASSERTING INNOCENCE.

WHEN ALL PARTIES TO THIS CASE WERE PROVIDED WITH AN EXPERT PSYCHIATRIC REPORT ON THE EVE OF SENTENCING, THAT SHOULD HAVE RAISED THE ISSUE OF MENTAL COMPETENCY AND THE SENTENCING ADJOURNED SO FURTHER EXPLORATION OF THIS ISSUE COULD OCCUR.

ADDITIONALLY, EVEN THIS MOST HONORABLE COURT SHOULD HAVE SUA SPONTE AND EX-PARTE DELAYED SENTENCING TO ORDER FURTHER PSYCHOLOGICAL — PSYCHIATRIC ANALYSIS AND TREATMENT WHEN IT RECEIVED A MEDICAL REPORT (SEE EXHIBIT B) ON THE EVE OF SENTENCING. ESPECIALLY, A REPORT THAT RAISED TROUBLESOME ISSUES OF MENTAL RESPONSIBILITY. (TERMS SUCH AS "SCATTERSHOT", "INCOHERENT", "TORTURED", AND "CONFUSED".)

A DEFENDANT, WHO WAS EXTREMELY ILL, MUST NOT BEAR THE BURDEN OF REQUESTING A MENTAL EXAMINATION WHEN THE ILLNESS HE IS SUFFERING DELUDED HIS ABILITY TO COMPREHEND THE MAGNITUDE OF ITS IMPACT; AND HE WAS FACING EXTRAORDINARY CHARGES AND CRIMINAL CONSEQUENCES FOR THE FIRST TIME IN HIS LIFE.

10) IN MY ORIGINAL 2255 PETITION, I IMPLORED THE DISTRICT COURT TO CONSIDER MY "ACTUAL INNOCENCE" ESSENTIALLY BASED ON A

CASE NO. 1:20-CR-193                                    PAGE 6 OF 10
                                                        CERTIFICATION #1

complete lack of legal competency and responsibility, as well as insufficiency of evidence, and mental derangement and delusions when interrogated by the FBI, which is why this motion to amend should be granted, pursuant to federal rules. This prolific issue must be thoroughly determined.

(ii) Due process and a manifest injustice demand the exploration of this issue; particularly in light of the uncontestable facts that my illness and diagnosed mental disease and defect, not only existed at the time of commission of the alleged offenses and the entry of a guilty plea, it played an integral part in the charges. It was intricate in my competency to plead guilty and or accept responsibility.

I was deprived of the following: newly discovered evidence subsequent of the original 2255 petition, which proves to an absolute certainty my mental disease and defect both at the time of the alleged commission of the offense, as well as at the plea colloquy and sentencing hearing.

"The common core of operative facts" of ~~the~~ this submitted petition is "actual innocence" due to mental illnesses which serves to lift the procedural bar caused by failure to timely

FILE A 2255 MOTION (SEE U.S. V. MONTANO, 398 F.3d 1276, 1284 (11TH CIR. 2005)).

IN ADDITION, I RAISED THE DUE PROCESS RIGHTS IN THE ORIGINAL PETITION THAT I LACKED COMPETENCY TO ENTER MY NOVEMBER 18, 2020 PLEA. (SEE GODINEZ V. MORAN, 509 U.S. 389, 396 (1992)(CITING DROPE V. MISSOURI, 420 U.S. 162, 171 (1975)); (SEE ALSO MEDINA V. CALIFORNIA, 505 U.S. AT 448) — "IF A DEFENDANT IS INCOMPETENT, DUE PROCESS CONSIDERATIONS REQUIRE SUSPENSION OF THE CRIMINAL TRIAL UNTIL SUCH TIME, IF ANY, THAT THE DEFENDANT REGAINS THE CAPACITY TO PARTICIPATE IN HIS DEFENSE AND UNDERSTAND THE PROCEEDINGS AGAINST HIM."

12) LASTLY, THE GOVERNMENT'S APATHY SUBSTANTIALLY CONTRIBUTED TO THIS MOTION AND MY MANIFEST DENIAL OF JUSTICE AND THE "SUBSTANTIAL AND INJURIOUS" UNCONSTITUTIONAL CONSEQUENCES AS FOLLOWS:

A) SEPTEMBER 2020, I TOLD COUNSEL THAT I HAD MENTAL ILLNESSES AND THAT THE INCULPATORY CLAIMS WERE A DELUSION. COUNSEL DISREGARDED THESE ASSERTIONS AND DID NOT SEEK A PSYCHIATRIC EXAMINATION NOR DISCUSS OPTIONS OF SEEKING AN ACQUITAL DUE TO INSUFFICIENT EVIDENCE. HE USURPED HIS EFFECTIVENESS WITH A SPEEDY RESOLUTION.

B) AUGUST 2020 TO NOVEMBER 18, 2020, I WAS NOT ALLOWED TO MEET WITH PSYCHIATRIST, DR. DAVID CHARNEY, THUS DENIED ACCESS TO

EVIDENCE OF MENTAL ILLNESS, UNTIL I ENTERED A GUILTY PLEA. DR. CHARNEY CONTACTED COUNSEL A FEW DAYS AFTER ~~THE PETITION~~ MY ARREST AND OFFERED TO CONDUCT AN ASSESSMENT. IT WAS IGNORED!

c) THE GOVERNMENT DID NOT CONDUCT THEIR OWN PSYCHIATRIC ASSESSMENT.

D) FEBRUARY 2021. DR. CHARNEY SUBMITTED A PSYCHIATRIC ASSESSMENT TO COUNSEL. HOWEVER, COUNSEL DID NOT PROVIDE ME WITH A COPY, WHICH WOULD HAVE ALLOWED ME TO SEEK TREATMENT. COUNSEL EVEN ADVISED ME NOT TO TELL TO COUNTY JAIL PSYCHOLOGIST THAT I HAD PSYCHOSES.

E) MAY 7, 2021. DR. CHARNEY'S PSYCHIATRIC ASSESSMENT WAS SUBMITTED TO THIS COURT. SUCH LATE SUBMITTAL, ONLY 7 DAYS BEFORE THE SENTENCING HEARING ON MAY 14, 2021, PRECLUDED THE COURT OR GOVERNMENT FROM FILING A MOTION TO ALLOW TREATMENT OF A DEBILITATING NEUROLOGICAL DISEASE (BIPOLAR I). IN ADDITION, THE PSYCHIATRIC ASSESSMENT RAISED SUFFICIENT DOUBT THE VERACITY OF THE INCULPATORY CLAIMS, WHICH LED TO A CONVICTION OBTAINED THROUGH THE USE OF FALSE EVIDENCE, VIOLATING A DEFENDANT'S DUE PROCESS RIGHTS (SEE NAPUE V. ILLINOIS, 360 U.S. 264, 269, 79 S. CT. 1173, 3 L.Ed. 2d 1217 (1959)). THIS IS TRUE WHETHER THE PROSECUTOR

CASE         Case 1:20-cr-00193-CMH   Document 118-1   Filed 12/20/23   Page 9 of 10 PageID# 1026

(CERTIFICATION #1)

KNEW THE EVIDENCE WAS FALSE OR SHOULD HAVE KNOWN IT WAS FALSE. (SEE ALSO EXHIBIT D, MODERN FEDERAL JURY INSTRUCTIONS FOR CONFESSIONS).

    F) MAY 11, 2021. DR. CHARNEY'S ASSESSMENT IS PROVIDED TO ME.

    G) MAY 26, 2021. COUNTY JAIL PSYCHIATRIST UPON READING DR. CHARNEY'S ASSESSMENT, STARTS TREATING ME WITH RISPERDAL, AN ANTI-PSYCHOTIC USED TO TREAT DELUSIONS AND SCHIZOPHRENIA.

    H) DECEMBER 21, 2021. ASHLAND FCI BEGAN TREATING ME WITH PROZAC TO TREAT DEPRESSION AND ANXIETY WHICH CONTRIBUTED TO PSYCHOSES.

    I) JANUARY, 2022. THE GOVERNMENT ARBITRARILY IMPOSED SPECIAL ADMINISTRATIVE MEASURES (SAMS) AGAINST ME WHICH CURTAILED, IMPEDED, STYMIED, AND PREJUDICED ANY SEMBLANCE OF ME BEING ABLE TO MATERIALIZE THESE ARGUMENTS. ALL MY LEGAL MATERIALS WERE SEIZED AND CONFISCATED, I WAS NOT PROVIDED ANY MEANIFUL MEANS OF RESEARCH, ANALYSIS, AND WAS SUFFERING IMMEASURABLY FROM TOTAL SOLITARY CONFINEMENT. I DID NOT EVEN HAVE THE MOST ELEMENTARY TOOL TO PREPARE MY MOTIONS — A PEN. I HAD EXTREMELY LIMITED MEANS OF ANY LEGAL RESEARCH AND I WAS INCAPABLE OF COGNIZANT FUNCTION.

    J) THIS IS THE FIRST TIME SINCE MY ARREST THAT I AM CAPABLE

OF WORKING ON MY MOTIONS, BEING OF A SOUND MIND AND HAVING SOME ACCESS TO EXPERT OPINION (MEDICAL LITERATURE AND PERSONNEL).

14) I AM UNDER THE TREATMENT OF THE FOLLOWING DAILY PSYCHOTROPICS: RISPERAL, PROZAC, AND COGENTIN — MIND ALTERING MEDICINES ONLY PRESCRIBED FOR AN INDIVIDUAL SUFFERING CONSEQUENTIAL MENTAL ILLNESS. A LEGAL DEFENSE.

15) I DID NOT HAVE THE EXPERT MEDICAL REPORTS AND OPINIONS TO FORM THE BASIS OF THIS MOTION UNTIL RECENTLY (NOVEMBER, 2, 2023). I THEN COMPOSED THIS FERVENT — ARDUOUS SUBMISSION.

16) I IMPLORE AND PLEAD THIS HONORABLE COURT TO ACCEPT THIS LEGAL SUBMISSION AND CONSIDER IT WITH THE HEART-FELT SINCERITY AND GENUINENESS TO WHICH IT WAS WRITTEN. IT IS SINCERE, CANDID, AND FRANK. MY CONSTITUTIONAL RIGHTS WERE EVISCERATED.

GIVE ME THE FAIR OPPORTUNITY TO PRESENT NEW EVIDENCE THAT WILL CLEARLY, CONCISELY, AND OVERWHELMINGLY ESPOUSE MY CAUSE OF ACTION AND INNOCENCE.

DATED. NOVEMBER 16, 2023

RESPECTFULLY SUBMITTED

PETER DEBBINS - 05852509
USP FLORENCE ADMAX
P.O. BOX 8500
FLORENCE, CO 81226