IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS, )
)
PETITIONER, )
) CRIMINAL CASE NO. 1:20-CR-193
V. ) CIVIL ACTION NO. 1:22-CV-991
)
UNITED STATES OF AMERICA, )
)
RESPONDENT )

## CERTIFICATION 2

I, PETER RAFAEL DZIBINSKI DEBBINS, DO SOLEMNLY SWEAR UNDER THE PENALTIES OF PERJURY THAT THE FOLLOWING FACTS ARE TRUE AND ACCURATE.

1) I AM THE PETITIONER IN THE ABOVE CAPTIONED MATTER AND WHOLLY COGNIZANT OF THE FOLLOWING FACTS.

2) I RESPECTFULLY REQUEST THIS COURT TO: VACATE THE SENTENCE AND REVERSE THE CONVICTION UNDER 28 U.S.C. § 2255; AND OR ORDER A NEW TRIAL UNDER RULE 33, FEDERAL RULES OF CRIMINAL PROCEDURE, BASED UPON THE GROUND OF NEWLY (EMPHASIS ADDED) DISCOVERED EVIDENCE AND ACTUAL INNOCENCE.

THE EVIDENCE PRESENTED COULD NOT HAVE BEEN KNOWN TO ME, BECAUSE I SUFFERED FROM A MENTAL DISEASE AND DEFECT WHICH

PAGE 1 OF 17

PRECLUDED ME FROM ANY COGNIZANCE THAT EITHER THE DISEASE EXISTED AND THAT I SUFFERED FROM IT — A CONDITION KNOWN AS ANOSOGNOSIA (SEE EXHIBIT A). I HAVE OBTAINED OBJECTIVE, FORENSIC, AND SCIENTIFIC EVIDENCE, SUBSEQUENT TO MY ENTRY OF A GUILTY PLEA, ACCORDING TO R. 11, FED. R. CRIM. P. THIS NEW MEDICAL EVIDENCE IS VERACIOUS, FORENSIC, AND FORENSICALLY IRREFUTABLE.

3) THE NEWLY DISCOVERED EVIDENCE IS THAT THE INCULPATORY ALLEGATIONS PRESENTED IN THE INDICTMENT WERE A DELUSION — THE RESULT OF ~~THE~~ MY UNTREATED NEUROLOGICAL DISEASE, BIPOLAR I.

ADDITIONALLY, NEWLY DISCOVERED EVIDENCE WILL EVINCE THAT I WAS SUFFERING UNTREATED BIPOLAR I DURING THE TIME PERIOD OF THE ALLEGED ACCUSATIONS WHICH WOULD HAVE RESULTED IN A VERDICT OF NOT GUILTY BY REASON OF INSANITY; HAD THIS EVIDENCE OF LIFELONG DEBILITATING MENTAL ILLNESSES BEEN KNOWN BY THE DEFENSE, AN ADDITIONAL DEFENSE BECOMES AVAILABLE. IF THE DEFENDANT HAD ACTUALLY KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY COMMITTED ALLEGED CRIMINAL ACTS THEN A DEFENSE OF NOT GUILTY BY REASON OF INSANITY COULD HAVE BEEN PRESENTED BASED ON EXPERT AND EYE-WITNESS TESTIMONY, PROVIDING EVIDENCE OF AN UNTREATED NEUROLOGICAL

DISEASE DURING THE PERIOD OF THE ALLEGED OFFENSE. BIPOLAR DISORDER WAS EVIDENT DURING THIS PERIOD, BUT DUE TO ILLNESS, COULD NEVER HAVE BEEN KNOWN; AND, THEREFORE AVERRED. MY FAMILIAL HISTORY, EXPERT TESTIMONY, AND READILY AVAILABLE EYEWITNESS ACCOUNTS (FAMILY MEMBERS, FRIENDS, COLLEAGUES, AND MILITARY RECORDS) OF ERRATIC BEHAVIOR THROUGHOUT MY LIFE FROM CHILDHOOD UNTIL THE COMMENCEMENT OF MEDICAL TREATMENT OBTAINED AFTER (EMPHASIS ADDED) SENTENCING, ALL EVINCE A LIFELONG STRUGGLE WITH BIPOLAR DISORDER. (SEE NAGELL V. U.S., 354 F.2d 441 (5TH CIR. 1966) — NEW TRIAL BASED ON DEFENDANT WHO HAD SUFFERED ORGANIC BRAIN DAMAGE, FACT NOT DISCLOSED OR KNOWN BY TRIAL JURY).

THIS NEW EVIDENCE SUPPORTS MY THEORY OF THE CASE AND VERSION OF THE FACTS WHICH WOULD HAVE CHANGED THE OUTCOME OF TRIAL IF ONLY THE DEFENSE HAD BEEN COGNIZANT OF THE EVIDENCE AT AN EARLIER DATE. AN INFIRM PERSON, WHO DOES NOT REALIZE HE IS ILL, CANNOT (EMPHASIS ADDED) BE EXPECTED TO REALIZE HE HAS THIS MONUMENTAL LEGAL DEFENSE.

I PRESENTED TO MY COUNSEL THIS THEORY OF THE CASE AND VERSION OF THE FACTS THAT MY INCULPATORY CLAIMS WERE DELUSIONS DUE TO MENTAL ILLNESSES. I AGAIN ASSERT THE DELUSION ASPECT OF MY

CASE AFTER THE GOVERNMENT PRESENTED THE REVERSE PROFFER TO THE DEFENSE, BUT ALL TO NO AVAIL.

THE "WITNESS" TESTIMONIES THAT THE GOVERNMENT PRESENTED AT THE REVERSE PROFFER, AND AGAIN IN ITS RESPONSE TO MY 2255 MOTION, CONSISTED OF CAREER AND BIOGRAPHICAL INFORMATION. IT WAS DEVOID OF A SCINTILLA OF EVIDENCE OF ANY CRIMINAL WRONG DOING; BUT CONSISTANT WITH ERRATICISM, ILLNESS AND INDICIA SOMETHING WAS WRONG.

INEFFECTIVE AND INEPTLY INEXPERIENCED COUNSEL, WHOLLY DISREGARDED MY ASSERTIONS, AND ADVISED ME TO PLEA GUILTY WITHOUT HAVING A PSYCHIATRIC ASSESSMENT CONDUCTED BY A DEFENSE PSYCHIATRIST, DR. DAVID CHARNEY. I DID NOT RECEIVE AN ASSESSMENT, DIAGNOSIS, AND TREATMENT FOR MENTAL ILLNESSES, CAUSING A FUNDAMENTAL MISCARRIAGE OF JUSTICE — A TRAVESTY OF JUSTICE. I WAS MENTALLY INCAPABLE OF REFUTING COUNSEL'S HASTY AND MISGUIDED OPINIONS BECAUSE I WAS SUFFERING EXTREME MENTAL ILLNESS.

THE NOVEMBER 18TH, 2020 GUILTY PLEA DID NOT "REPRESENT A KNOWING, VOLUNTARY, AND INTELLIGENT DECISION AMONG THE VARIOUS OPTIONS AVAILABLE TO THE DEFENDANT;" (SEE IVY V. CASPARI, 173 F.3d 1136; 1999 U.S. APP. LEXIS 7569 (8TH CIR. APP.)). COUNSEL DID NOT PROVIDE VIABLE OPTIONS TO ME, WHICH WOULD HAVE INVOLVED

ADDITIONAL TRUSTWORTHY AND A CREDIBLE INVESTIGATION: BY NOT ALLOWING ME TO RECEIVE DIAGNOSIS AND TREATMENT; AND BY FAILING TO EXPLORE SUPPRESSION OF INVOLUNTARY CLAIMS, COUNSEL WAS COMPLETELY DERELICT IN THEIR EFFECTIVE REPRESENTATION; ALSO, COUNSEL FAILED TO SEEK AN ACQUITTAL DUE TO INSUFFICIENT EVIDENCE (TRUSTWORTHINESS DOCTRINE); AND COUNSEL DID NOT EXPLORE THE POSSIBILITY OF BEING NOT GUILTY BY REASON OF INSANITY. COUNSEL ADVISED ME TO PLEA GUILTY. THE INEFFECTIVE GUIDANCE WAS WITHOUT THE DIAGNOSIS AND TREATMENT OF BIPOLAR DISORDER, EVIDENCE WHICH RENDERED ME INCOMPETANT. THE PLEA AND SENTENCING WAS CONSTITUTIONALLY DEFECTIVE AND VIOLATIVE OF MY 5TH AND 6TH Am. CONSTITUTIONAL RIGHTS. I NEVER RECEIVED THE BENEFIT OF EFFECTIVE COUNSEL.

THE JUDICIAL PROCESS CONTRAVENED AND WAS DICHOTOMOUS TO MY 5TH AND 6TH AMENDMENT DUE PROCESS RIGHTS, DUE TO THE INABILITY TO BE CONFRONTED WITH WITNESSES AGAINST ME (MY MENTALLY ILL SELF) AND TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN MY FAVOR (MY COMPETENT SELF AFTER TREATMENT AND EXPERT TESTIMONY ON BIPOLAR DISORDER).

TIMELINE OF THE PETITIONER'S DUE DILIGENCE TO PRESENT THE NEWLY DISCOVED EVIDENCE IS AS FOLLOWS:

1) SEPTEMBER 2020 — I TELL MY COUNSEL THAT I SUFFER FROM MENTAL ILLNESSES AND THE INCULPATORY CLAIMS WERE DELUSIONS. I ALSO REQUESTED TO BE ASSESSED BY DR. DAVID CHARNEY, WHO CONTACTED COUNSEL SEVERAL DAYS AFTER MY ARREST, WANTING TO CONDUCT A PSYCHIATRIC ASSESSMENT.

2) OCTOBER 2020 — GOVERNMENT PRESENTS REVERSE PROFFER. I AGAIN TELL MY COUNSEL THAT THE INCULPATORY CLAIMS WERE DELUSIONS. COUNSEL DID NOT PRESENT OPTIONS FOR DEFENSE SUCH AS: SUPPRESSION OF INVOLUNTARY CONFESSION; SEEKING AN ACQUITAL DUE TO INSUFFICIENT EVIDENCE; OR EXPLORING NOT GUILTY BY REASON OF INSANITY DEFENSE. INSTEAD, COUNSEL ADVISED ME TO PLEA GUILTY.

3) NOVEMBER 18, 2020 — I ENTER A GUILTY PLEA.

4) NOVEMBER 18, 2020 — DR. CHARNEY IS ALLOWED TO MEET WITH ME AND COMMENCE PSYCHIATRIC ASSESSMENT.

5) FEBRUARY 2021 — DR. CHARNEY PRESENT INITIAL ASSESSMENT TO COUNSEL. COUNSEL DID NOT PROVIDE ME A COPY OF ASSESSMENT WHICH WOULD HAVE ALLOWED ME TO SEEK TREATMENT. COUNSEL ADVISED ME NOT TO TELL COUNTY JAIL PSYCHOLOGIST THAT I WAS SUFFERING FROM PSYCHOSES.

6) MAY 7, 2021 — DR. CHARNEY'S PSYCHIATRIC ASSESSMENT IS

PRESENTED TO THIS COURT. INSPITE OF THE ALARMING DIAGNOSES NEITHER DEFENSE COUNSEL, NOR GOVERNMENT, NOR COURT REQUEST A COMPETENCY HEARING, NOR DOES THE GOVERMENT REQUEST TO CONDUCT THEIR OWN PSYCHIATRIC ASSESSMENT.

7) MAY 11, 2021 — DR. CHARNEY'S ASSESSMENT IS PROVIDED TO ME, ONLY THREE DAYS BEFORE THE SENTENCING HEARING.

8) MAY 14, 2021 — SENTENCING HEARING

9) MAY 20, 2021 — I MEET WITH COUNTY JAIL PSYCHIATRIST, WHO UPON READING DR. CHARNEY'S ASSESSMENT, PRESCRIBES THE ANTI-PSYCHOTIC, RISPERDAL, WHICH IS USED TO TREAT DELUSIONS AS WELL AS SCHIZOPHRENIA.

10) JUNE TO AUGUST 2021 — I WAS MOVED TO VARIOUS DETENTION SITES AND WAS UNABLE TO ACCESS INFORMATION ON BIPOLAR OR PTSD, NOR WORK ON MOTIONS.

11) SEPTEMBER TO DECEMBER 2021 — I WAS AT FCI ASHLAND, KENTUCKY AND WAS GIVEN SPARSE ACCESS TO INFORMATION ON MENTAL ILLNESSES WHICH ATTESTS TO MY ASSERTION OF DELUSIONAL CLAIMS

12) DECEMBER 20, 2021 — I WAS PRESCRIBED PROZAC TO TREAT BIPOLAR'S DEPRESSIVE ASPECT

13) JANUARY 2022 — I WAS ARBITRARILY PLACED ON SPECIAL ADMINISTRATIVE MEASURES (SAMS). MY LEGAL MATERIAL WAS LOST, I WAS GIVEN ONLY EXTREMELY LIMITED ACCESS TO THE LAW LIBRARY, ~~WAS DENIED ACCESS TO EXPERT TESTIMONY ON BIPOLAR DISORDER, AND WAS I AM~~ I WAS DENIED ACCESS TO EXPERT TESTIMONY ON BIPOLAR DISORDER, AND I AM RESTRICTED FROM COMMUNICATION WITH OUTSIDE PERSONS. I INFORMED THIS COURT OF MY SEVERE DEGRADATION REQUESTING APPOINTED COUNSEL AND EXTENSION ON 2255 DEADLINE.

14) AUGUST 25, 2022 — I SUBMITTED MY 2255 PETITION TO THIS COURT.

15) FEBRUARY 2023 — SHORTLY AFTER ARRIVING AT ADX-FLORENCE, I WAS GIVEN ACCESS TO EXPERT TESTIMONY (MEDICAL BOOKS) ON BIPOLAR DISORDER AND PTSD WHICH SUPPORT THE NEWLY DISCOVERED EVIDENCE. IN ADDITION, I RECEIVED A COPY OF DR. CHARNEY'S ASSESSMENT AND GIVEN REGULAR ACCESS TO THE LAW LIBRARY.

16) MARCH 2023 — I SUBMITTED REPLY TO GOVERNMENT'S RESPONSE TO MY 2255 PETITION. I WAS ABLE TO CITE DR. CHARNEY'S ASSESSMENT AND MEDICAL LITERATURE, BUT I STILL LACKED MY MEDICAL RECORDS AND EXPERT ANALYSIS THAT PROVED I LACKED MENTAL RESPONSIBILITY.

17) APRIL 2023 — COURT DENIES MY 2255 MOTION.

18) MAY 20, 2023 — I SUBMITTED A MOTION ASKING THIS COURT TO APPOINT COUNSEL: TO ASSIST ME WITH POST-CONVICTION MOTIONS; TO OBTAIN EXPERT TESTIMONY; AND TO ASSIST WITH AMENDED 2255 MOTION, AND RULE 33 MOTION.

19) AUGUST 2023 — I WAS FINALLY ALLOWED TO COMMUNICATE WITH DR. CHARNEY VIA (ONLY WRITTEN LETTERS).

20) SEPTEMBER 2023 — ADX PSYCHIATRIST PRESCRIBED ME COGENTIN (BENZTROPINE), A PSYCHOTROPIC, TO MITIGATE SIDE EFFECTS OF RISPERDAL. MEDICINES WHICH WOULD NOT BE PRESCRIBED DUE TO ITS IMPACT ON NEURO-MUSCULAR AND BRAIN FUNCTIONS, IF I WERE NOT SERIOUSLY ILL.

MY DUE DILIGENCE SINCE RECEIVING MY DIAGNOSIS ON MAY 11, 2021 SHOW THIS COURT THAT I MADE EVERY EFFORT POSSIBLE TO PROVIDE EVIDENCE OF MY INNOCENCE; DESPITE INSURMOUNTABLE OBSTACLES.

THIS MOTION MEETS THE FIVE BASIC REQUIREMENTS OF RULE 33 AND 28 U.S.C. §2255 FOR NEWLY DISCOVERED EVIDENCE, EACH OF WHICH I SATISFY WHICH WILL ALLOW THIS COURT TO DISCARD THE CONVICTION AND ORDER A NEW TRIAL, OR VACATE THE SENTENCE AND REVERSE THE CONVICTION. THE FIVE REQUIREMENTS ARE:

1) THE EVIDENCE WAS NOT DISCOVERED UNTIL AFTER THE TRIAL;

2) THE DEFENDANT EXERCISED DUE DILIGENCE IN THE PREPARATION OF THE DEFENSE;

3) THE NEW EVIDENCE IS NOT MERELY CUMULATIVE OR IMPEACHING IN NATURE;

4) THE NEW EVIDENCE IS MATERIAL TO THE ISSUES AT THE TRIAL;

5) AND EVIDENCE IS OF SUCH A NATURE THAT IT WOULD PROBABLY CHANGE THE OUTCOME OF THE JURY VERDICT.

1) THE EVIDENCE WAS NOT DISCOVERED UNTIL AFTER THE TRIAL.

IN ORDER TO QUALIFY AS "NEW" EVIDENCE, THE INFORMATION MUST BE UNKNOWN OR UNAVAILABLE TO THE DEFENSE UNTIL AFTER TRIAL (SEE U.S. v DOGSKIN, 265 F. 3d 682, 685 (8TH CIR. 2001) AND THE SUBSEQUENT AVAILIBILITY OF THE WITNESS[ES] (DIAGNOSES, TREATMENT, AND MEDICAL LITERATURE) CAN CONSTITUTE "NEW" EVIDENCE EVEN THOUGH THE DEFENDANT KNEW THE SUBSTANCE OF THAT TESTIMONY PRIOR TO TRIAL (SEE 44 A.L.R. FED. 13 (1979)). WHAT IS PARAMOUNT IS THAT A GOVERNMENT EXPERT HAS NOW OPINED (SEE EXHIBIT C) AS TO MY SERIOUS, DEBILITATING MENTAL DISEASE, DEFECT, AND ILLNESS THAT MADE ME LEGALLY INSANE.

THE COURTS ARE VERY CLEAR IN ENTITLING NEW TRIALS UPON WHEN INFORMATION OF MENTAL ILLNESSES BECOMES AVAILABLE TO THE COURT. IF AT TIME OF TRIAL, MENTAL CONDITIONS ARE KNOWN, COURTS CAN DENY A NEW TRIAL (SEE BOSTIC V. U.S., 298 F.2d 678, 112 U.S. APP. D.C. 17 (D.C. CIR. 1961)). THIS COURT ONLY LEARNED OF MY MENTAL ILLNESSES ON THE EVE OF SENTENCING. STILL, ONCE EVIDENCE OF SUCH MENTAL ILLNESS WHICH EVINCES A SERIOUS ILLNESS, THIS COURT SHOULD HAVE INVESTIGATED A POTENTIAL CONSTITUTIONAL DEFICIENCY. EX-PARTE AND SUA SPONTE.

I RECEIVED DR. CHARNEY'S PSYCHIATRIC ASSESSMENT ON MAY 11, 2021 AND BEGAN TREATMENT ON MAY 26, 2021. EXPERT TESTIMONY (MEDICAL LITERATURE) ON BIPOLAR DISORDER AND PTSD WAS MADE AVAILABLE AFTER FEBRUARY 2023, WHEN I WAS PROVIDED MEDICAL LITERATURE BY ADX-FLORENCE PSYCHOLOGY DEPARTMENT ALONG WITH THE PSYCHIATRIC ASSESSMENT.

2) THE DEFENDANT EXERCISED DUE DILIGENCE IN THE PREPARATION OF THE DEFENSE; ESPECIALLY IN LIGHT OF THE EXTRAORDINARILY SERIOUS MENTAL ILLNESS I SUFFERED FROM WHICH EVISCERATES MY "MENS REA", "SCIENTER" AND ANY ABILITY TO LEGALLY, INTELLIGENTLY, AND KNOWINGLY COMMIT ANY CRIMINAL OFFENSE.

THE REQUIREMENT THAT THE DEFENDANT EXERCISE DUE DILIGENCE IN THE PREPARATION FOR TRIAL IS ONE OF REASONABLENESS. ~~THE~~ I WAS HELD IN ISOLATION, WHILE SUFFERING UNDIAGNOSED AND UNTREATED MENTAL ILLNESSES. I DID NOT HAVE ACCESS TO THE LAW LIBRARY PER COUNTY JAIL RESTRICTIONS, AND ONLY HAD SEVERELY LIMITED CONTACT WITH COUNSEL (ALSO RESTRICTED BY COVID QUARANTINE). I TOLD MY COUNSEL OF THE DELUSIONAL ORIGINS OF THE INCULPATORY CLAIMS, BUT COUNSEL, UNWILLING TO CONSIDER MY MENTAL ILLNESSES, DUE TO THEIR INSUFFICIENT KNOWLEDGE OF MENTAL ILLNESSES, ADVISED ME TO PLEA GUILTY. MY NEW EVIDENCE FROM BOTH A GOVERNMENT PSYCHIATRIC EXPERT (EXHIBIT C) AT THE ADX AND DR. CHARNEY (EXHIBIT B AND PENDING CERTIFICATION), NOW PROVE I AM INNOCENT.

ONLY WHEN I RECEIVED THE PSYCHIATRIC ASSESSMENT AND TREATMENT AND ACCESS TO EXPERT TESTIMONY DID I HAVE THE ABILITY TO ASSERT MY INNOCENCE TO THE COURT. (SEE GODINEZ V. MORAN, 509 U.S. 389, 396 (1992) (CITING DROPE V. MISSOURI, 420 U.S. 162, 171 (1975)); SEE ALSO MEDINA V. CALIFORNIA, 505 U.S. AT 448) "IF A DEFENDANT IS INCOMPETENT, DUE PROCESS CONSIDERATIONS REQUIRE SUSPENSION OF THE CRIMINAL TRIAL UNTIL SUCH TIME, IF ANY,

THAT THE DEFENDANT REGAINS THE CAPACITY TO PARTICIPATE IN HIS DEFENSE AND UNDERSTAND THE PROCEEDINGS AGAINST HIM").

ONCE STABILIZED ON MEDICATION, I CONDUCTED DUE DILIGENCE IN VERY RESTRICTIVE AND EXTRAORDINARILY CONSEQUENTIAL CONDITION'S. I SUBMITTED MY 2255 MOTION BEFORE THE ONE-YEAR DEADLINE, AND SUBMITTED OTHER CORRESPONDENCES TO THIS COURT; TO INCLUDE EXPERT TESTIMONY (MEDICAL LITERATURE) ONCE I HAD ACCESS TO IT.

3) THE NEW EVIDENCE IS NOT MERELY CUMULATIVE OR IMPEACHING:

BUT PROVE TO AN ABSOLUTE CERTAINTY THAT I SUFFERED FROM A MENTAL DISEASE, ILLNESS, AND DEFECT WHICH PRECLUDED ANY CAPACITY -ABILITY I HAD TO FORM THE INTENT TO COMMIT A CRIME OR CONFORM MY BEHAVIOR TO LAW ABIDEDNESS.

THE NEW EVIDENCE IS NOT CUMULATIVE NOR IMPEACHING, RATHER THE NEW EVIDENCE OF MENTAL ILLNESSES SUPPORTS A COMPLETELY CONTRARY VERDICT THAT A CRIME NEVER OCCURRED, AND THAT HAD I COMMITTED ANY ERRORS IN DISCRETION OR JUDGEMENT, I LACKED THE MENTAL FACULTIES TO HAVE INTENT TO COMMIT HARM; ESPECIALLY CONSIDERING THE EXCULPATORY INFORMATION SUBMITTED IN THE 2255 PETITION WHICH SHOWED FIDELITY TO THE UNITED STATES.

THE REQUIREMENT THAT THE NEW EVIDENCE NOT BE MERELY

IMPEACHING IN NATURE GENERALLY MEANS THAT THE EVIDENCE SHOULD DO MORE THAN WEAKEN THE CREDIBILITY OF A TESTIFYING WITNESS (SEE U.S. V LEWIS, 976 F.3d 787 (8TH CIR. 2020)). THE NEW EVIDENCE OF MENTAL ILLNESS BEING THE WHOLE CAUSE AND EFFECT OF A FALSE INCULPATORY CONFESSION. BUT FOR THE EXTREME DELUSION UNEQUIVOCALLY CAUSED BY A DIAGNOSED MENTAL ILLNESS, IS CONSTITUTIONALLY EXCULPATORY; ESPECIALLY WHEN A U.S. DEPARTMENT OF JUSTICE EXPERT PSYCHIATRIST NOW OPINES AS TO MY SEVERE MEDICAL PSYCHIATRIC INFIRMITY.

4) CONSEQUENTLY, THE NEW EVIDENCE IS MATERIAL TO THE ISSUES AT THE TRIAL: SUB-JUDICE. THESE CRUCIAL PARAMOUNT FACTS MUST BE ACCENTUATED. THE NEW EVIDENCE OF UNDIAGNOSED AND UNTREATED MENTAL ILLNESSES GOES TO THE HEART OF THE ISSUE OF MY GUILT OR INNOCENCE. THE TRUSTWORTHINESS OF MY CONFESSION BASED EXCLUSIVELY ON DELUSIONARY MENTAL ILLNESS (SEE EXHIBIT D), IS DICHOTOMOUS TO CRIMINAL CONSPIRACY.

THE MENTAL STATE DURING THE TIME PERIOD SUB-JUDICE CLEARLY EVINCING LIFE-LONG MENTAL ILLNESSES, WHICH WERE DISCOVERED AND PRESENTED ONLY ON THE EVE OF THE SENTENCING HEARING, CANNOT BE THE BASIS OF CRIMINALITY AND VOLUNTARY-KNOWING DECISIONS. (SEE U.S. V SABAN-GUTIERREZ, 961 F.2d 1565 (1ST CIR. 1992) — EVIDENCE

OF DEFENDANT'S LIMITED MENTAL CAPACITY — THROWING INTO QUESTION PROOF OF HIS INTENT TO COMMIT A CRIME FOR WHICH HE WAS CONVICTED — CAME TO LIGHT ONLY UPON PRESENTING THE PSYCHOLOGICAL EVALUATION) AND (SEE NAGELL V. U.S., 354 F.2d 441 (5TH CIR. 1966) — NEW TRIAL FOR NEWLY DISCOVERED EVIDENCE OF ORGANIC BRAIN DAMAGE WHICH WAS NOT DISCLOSED OR KNOWN BY TRIAL JURY). THIS IS COMPLETELY ANALOGOUS TO MY CASE.

5) MY NEWLY DISCOVERED EVIDENCE WOULD HAVE CHANGED A JURY VERDICT TO INNOCENCE: IN MY 2255 PETITION I PRESENTED HOW THE "INDEPENDENT EVIDENCE" CONTRADICTS A CONSPIRACY. THE GOVERNMENT'S "EVIDENCE" OF "WITNESS" TESTIMONIES ONLY ATTEST TO BIOGRAPHICAL OR OCCUPATIONAL INFORMATION. THEIR TESTIMONIES COMPLETELY LACK ANY CLAIM OR EVIDENCE OF NEFARIOUS ACTIVITY, WHICH RENDERS THE GOVERNMENT'S "EVIDENCE" AS INSUFFICIENT TO CONVICT. IF THE GOVERNMENT BELIEVES THEY HAVE SUFFICIENT "EVIDENCE" TO CONVICT, I CHALLENGE THE GOVERNMENT TO CHARGE ME WITH PERJURY FOR MY SWORN ASSERTIONS MADE IN THE 2255 PETITION. THERE IS NOT A SHRED NOR IOTA OF ANY CREDIBLE — BELIEVABLE EVIDENCE TO SUPPORT THE GOVERNMENT'S FALLACIOUS CASE AGAINST ME.

IN ADDITION, I CAN PROVIDE WITNESS TESTIMONIES (FAMILY, FRIENDS,

COLLEAGUES, MILITARY RECORDS, AND PSYCHIATRISTS) OF LIFE LONG STRUGGLE WITH MENTAL ILLNESSES EVEN THOUGH I LACKED A DIAGNOSIS, WHICH WOULD RAISE "REASONABLE DOUBT" IN A JURY OF MY INTENT AT THE TIME OF THE ALLEGED CONSPIRACY, AND TRUSTWORTHINESS OF MY CONFESSION. (SEE U.S. V. GUILLETTE, 404 F. SUPP. 1360 (D. CONN. 1975) — NEW TRIAL ORDERED PURSUANT TO RULE 33 MOTION, WHERE GOVERNMENT FAILED TO PROVIDE DEFENSE COUNSEL WITH INFORMATION IN ITS POSSESSION CONCERNING PSYCHIATRIC HISTORY OF MAJOR GOVERNMENT WITNESS' COULD HAVE PRODUCED REASONABLE DOUBT OF THE DEFENDANT'S GUILT).

GIVEN THE FACT THAT SOCIETY IS MORE AWARE AND UNDERSTANDING OF THE DEBILITATION CAUSED BY MENTAL ILLNESSES, THE COURT WOULD HAVE HAD A JURY MADE UP OF JURISTS WHO WOULD HAVE FOUND "REASONABLE DOUBT" OF THE TRUSTWORTHINESS OF THE CONFESSION (SEE EXHIBIT D) AND INTENT OF THE DEFENDANT'S ALLEGED ACTIONS.

I AM AN HONORABLY DISCHARGED UNITED STATES ARMY "GREEN BERET" (SPECIAL OPERATIONS FORCES) OFFICER. I WOULD SURRENDER MY LIFE TO DEFEND OUR CONSTITUTION AND OUR COUNTRY.

THE ALLEGATIONS AGAINST ME ARE REPUGNANT AND CONTRAVENE, WHOLE-HEARTEDLY EVERYTHING I HAVE DEVOTED AND DEDICATED

MY LIFE TO. THAT IS WHY I KNOW I SUFFERED FROM EXTREME MENTAL ILLNESSES WHICH CAUSED THE ALLEGED OFFENSE AND DEFECTED MY RATIONAL THOUGHT PROCESS. I AM LEGALLY INNOCENT AND NOT RESPONSIBLE.

I PLEAD FOR JUSTICE, WHICH AS THIS HONORABLE COURT KNOWS IS A SEARCH FOR THE TRUTH. I AM LEGALLY — ACTUALLY INNOCENT OF THE OFFENSES TO WHICH I INVOLUNTARILY, UNKNOWINGLY, AND IRRATIONALLY PLEADED GUILTY TO. IT WAS AN ERRONEOUS PLEA THAT WAS NEVER GIVEN AS THE ALLEGED OFFENSES WERE A DELUSION AND NEVER LEGALLY — FACTUALLY COMMITTED. MY CONSTITUTIONAL RIGHTS MUST BE PROTECTED BY THIS COURT.

DATED: NOVEMBER 16, 2023

MOST RESPECTFULLY,

SIGNATURE OF PETITIONER
PETER DEBBINS
05852509
USP FLORENCE - ADMAX
PO BOX 8500
FLORENCE, COLORADO 81226