IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI DEBBINS, )
)
PETITIONER, ) CRIMINAL CASE NO. 1:20-CR-193
) CIVIL ACTION NO. 1:22-CV-991
V. )
)
UNITED STATES OF AMERICA, )
) THE HONORABLE CLAUDE M. HILTON
RESPONDENT. )

BRIEF #1: SYNOPSIS OF LAW

PLEASE ACCEPT THIS LETTER BRIEF IN LIEU OF A MORE FORMAL RESPONSE.

THE RELEVANT — SEMINAL PRECEDENTS THAT THE PETITIONER RESPECTFULLY REQUESTS THIS COURT TO CONSIDER ILLUSTRATES THE MERITS OF THE PETITIONER'S CLAIMS — ARGUMENT AND AVERS FERVENTLY WHY THIS HONORABLE COURT MUST GRANT HIS MOTION.

A DEFENDANT'S COMPETENCE TO STAND TRIAL IS DIFFERENT FROM THE INSANITY DEFENSE BECAUSE COMPETENCE INVOLVES THE DEFENDANT'S MENTAL STATE AT THE TIME OF TRIAL RATHER THAN AT THE TIME OF THE OFFENSE. (SEE 18 U.S.C. §17, DEFINING STANDARD OF PROOF FOR INSANITY DEFENSE IN FEDERAL PROCEEDINGS).

18 U.S.C. § 4241 DEFINES THE STANDARD OF PROOF FOR INCOMPETENCY AND ~~THE HIGH~~

PAGE 1 OF 5

AND THE HIGH COURT'S HOLDING IN <u>JACKSON V. IND.</u>, 406 U.S. 715, 739 (1972), OPINES THAT INCOMPETENCY AND INSANITY MUST BE CONSIDERED INDIVIDUALLY AS THEY ARE DISTINCT ISSUES FOR CONSIDERATION.

HENCEFORTH, THE NEWLY DISCOVERED MEDICAL FINDINGS CLEARLY DELINEATE THAT <u>BOTH</u> (EMPHASIS ADDED) AT THE TIME GOVERNMENT ALLEGES THAT THE PETITIONER COMMITTED THE CHARGED OFFENSES, AS WELL AS AT THE TIME THE PETITIONER PROCEEDED TO PLEAD GUILTY, THERE EXISTED EXISTENTIAL FACTUAL AND LEGAL ISSUES RELEVANT TO BOTH THE PETITIONER'S "SANITY" AS WELL AS COMPETENCY TO KNOWINGLY AND INTELLIGENTLY UNDERSTAND AND BE ABLE TO VOLUNTARILY WAIVE HIS RULE 11, FED. R. CRIM. P. RIGHTS. THERE MUST HAVE BEEN A JUDICIAL FINDING CONSISTENT WITH THE PETITIONER'S POSIT; ESPECIALLY IN LIGHT OF A CONSEQUENTIAL EXPERT REPORT SUBMITTED ON THE EVE OF SENTENCING ATTESTING TO THE PETITIONER'S ILLNESS AND DIAGNOSIS

<u>THE CONVICTION OF A LEGALLY INCOMPETENT DEFENDANT, OR THE FAILURE OF A TRIAL COURT TO PROVIDE AN ADEQUATE COMPETENCY DETERMINATION</u> (EMPHASIS ADDED), VIOLATED THE PETITIONER'S DUE PROCESS RIGHTS.

UPON THIS HONORABLE COURT'S COPIOUS SCRUTINIZATION OF THE PROFOUNDLY MAGNANIMOUS AND PROFESSIONALLY ARTICULATED PSYCHIATRIC

REPORT, SUBMITTING ON THE EVE OF THE PETITIONER'S SENTENCING, THE TRIAL COURT ERRED IN FAILING TO SUA SPONTE AND EX-PARTE CONSIDER THE PETITIONER'S SIGNIFICANT MENTAL ILLNESSES. IN DRUPE V. MO., 420 U.S. 162, 181-3 (1975), THE SUPREME COURT STATED THAT A TRIAL COURT'S FAILURE TO MAKE SUFFICIENT INQUIRY INTO A DEFENDANT'S COMPETENCE AND GIVE ADEQUATE WEIGHT TO OTHER IRRATIONAL BEHAVIOR VIOLATED DUE PROCESS. (SEE ALSO, PATE V. ROBINSON, 383 U.S. 375, 378 (1966) "THE CONVICTION OF AN ACCUSED PERSON WHILE HE IS LEGALLY INCOMPETENT VIOLATES DUE PROCESS").

THERE WAS AN ABUNDANCE OF UNCHARACTERISTIC ABNORMALITIES EXPRESSED BY THE PETITIONER; A WELL TRAINED WARRIOR OF THE SPECIAL FORCES DELINEATING DERANGED BEHAVIOR, THAT SHOULD HAVE SENT CLEAR NOTIFICATION TO THE COURT THAT SOMETHING WAS MENTALLY REMISS. ADDITIONALLY, THE PETITIONER INCESSANTLY CRIED OUT TO DEFENSE COUNSEL, A PSYCHIATRIST, AND THE COURT THAT HE COULD NOT CONTROL MANIFESTED IMPULSES AND HAD DRIFTED AWAY FROM REALITY. THE PETITIONER'S COGNITIVE THOUGHT PROCESS WAS DYSFUNCTIONAL, OUT OF TOUCH WITH REALITY AND PHANTASMIC.

THE COURT MUST ALWAYS BE ALERT TO CIRCUMSTANCES SUGGESTING A DRASTIC CHANGE IN A DEFENDANT'S BEHAVIOR THAT WOULD RENDER

HIM PSYCHIATRICALLY UNFIT. THE TRIAL COURT HAD "ACTUAL NOTICE" BY MEANS OF AN EXPERT REPORT AND PRESENTLY HAS BEEN PROVIDED WITH CORROBORATION OF THE PRELIMINARY REPORT. (DROPE, ID. AT 178-82. ALSO, SEE U.S. V. HUGUENIN, 950 F.2d 23, 27-28 (1ST CIR. 1991)).

IT IS ALSO VIOLATIVE AND WHOLLY CONTRAVENING OF DUE PROCESS WHEN A TRIAL COURT FAILS TO ORDER A COMPETENCY HEARING WHEN APPROPRIATE, AS IN THE CASE AT HAND. (SEE PATE V. ROBINSON, 383 U.S. 375, 378-83 (1966)). ERROR NOT TO HOLD COMPETENCY HEARING BECAUSE DEFENDANT HAD IRRATIONAL BEHAVIOR HISTORY; (PETITIONER HAD A MULTITUDE OF FAMILY MEMBERS WITH SERIOUS MENTAL ILLNESSES); INCLUDING, BUT NOT LIMITED TO HAVING VIVID DELUSIONS — "PLUNGE EVEN DEEPER INTO HIS STRANGE FANTASY WORLD" (EVINCED IN DR. CHARNEY'S REPORT, SEE EXHIBIT B).

IN U.S. V. MASON, ID., THE FOURTH CIRCUIT HELD IT WAS REVERSIBLE ERROR WHEN THE COURT FAILED TO HOLD A COMPETENCY HEARING, YET POSSESSED SOME EVIDENCE OF MENTAL ILLNESS. (U.S. V. MASON, 52 F.3d 1286, 1292-93 (4TH CIR. 1995)) (EMPHASIS ADDED). THE EVIDENCE IN MY CASE IN POSSESSION OF THE GOVERNMENT AND THIS HONORABLE COURT WAS OVERWHELMING.

IT IS MOST RESPECTFULLY SUBMITTED THAT THIS COURT PERMIT THE PETITIONER TO ENLARGE, SUPPLEMENT, AND AMEND HIS 2255 MOTION; OR SUBMIT A SECOND AND SUCCESSIVE 2255 PETITION, OR SUBMIT A RULE 33 MOTION; IN TO PRESENT VOCIFEROUS INDICIA OF VERACIOUS EVIDENCE CLEARLY PERTINENT TO THE PETITIONER'S MENTAL ILLNESS, DISEASE, AND DEFECT; THAT WOULD EFFECTUALLY IMPACT HIS COGNITIVE PROCESS AND BEHAVIOR AND, THEREFORE, HOLD THAT HE WAS NOT LEGALLY RESPONSIBLE FOR THE ALLEGATIONS AGAINST HIM; NOR WAS HE COMPETENT TO ENTER A GUILTY PLEA; NOR WERE HIS INCULPATORY CLAIMS TRUSTWORTHY AND SUFFICIENT TO CONVICT (SEE EXHIBIT D. MODERN ~~JURY~~ FEDERAL JURY INSTRUCTIONS FOR CONFESSIONS).

DATE: ~~AUGUST~~ 16
NOVEMBER 16, 2023

RESPECTFULLY SUBMITTED

PETER DEBBINS
05852509
USP-FLORENCE ADMAX
P.O. BOX 8500
FLORENCE, CO 81226