The Honorable Claude M. Hilton
United States District Judge
United States District Court of Virginia
401 Courthouse Square
Alexandria, VA 22314

David J Debbins
1326 97th Ave NW
Minneapolis, MN 55433



5 May 2023

RE:   Civil action no. 1:22-cv-991
      Criminal case no. 1-20-cr-00193

Dear Honorable Judge Hilton,

The purpose of this letter is to inform you that I have been preparing a US Justice pardon request for my son Peter Debbins. Meanwhile, Peter is appealing to the court via civil action.

Since June 2021 I have been reviewing the court documents, along with other DOD documents alluded to, yet I think excluded from court documents: mainly, Peter's US Army file 201.

I find Peter innocent. Biased prosecution along with shoddy representation shaded Peter's innocence regardless of his guilty plea. My understanding is that Dr. Charney's medical report highlighting Peter's medical condition was withheld from Peter until after he pled guilty, on the eve of his sentencing.

Interestingly, although I am the person who has known Peter the longest, I was never interviewed officially for Peter's case. From my standpoint Peter told me in 2013 that he had delusions.

I have found four areas where the FBI has evaded the truth:

1.) there is no substantiative or incriminating US intelligence information released to any Russian agent.

2.) Exhibit 21-1 is fictional as stated by Peter to me in two recorded phone conversations (after he pled guilty) from Ashland Federal Correction Facility, Kentucky on Oct 10, 2021 and Nov 27, 2021. Recall Document 21-1 Exhibit 1, pg. 72, is Peter's handprinted four-page letter.

3.) The criminal case evidence excludes Peter's response letter (dated 8-1-2004, a five-page memo, "response to adverse OER", found in the excluded 201 file) responding to (6-4-2004, DA 67-9 Officer Evaluation Report).

4.) Of the six Special Forces members mentioned in court documents only one of their testimonies appear (as Document 41, pg 290 sentence 2), which is biasedly derogatory. Where are the other five testimonies of the other five members of Special Forces? (41-6 Exhibit F)

My own opinion/judgment is that part of Document 41 (pg. 9 A6 paragraph 2 refer to sealed Exhibits 41D and 41E) are innocuous and are not mentioned in any of the indictment allegations. Noticeably, also there is no indictment (Document 1) allegation regarding leakage of secret information.

Document 41 itself suggests that the court review Documents 41D and 41E (pg 9, A6 paragraph 2: ("Through the Classified Information Security Officer, the Government has filed two classified declarations for the Court' review...") and I would like you to verify that they have indeed been reviewed by you. Guilty plea or not, I hope all documents submitted for Peter's case have been reviewed by you, though I am not sure. Unfortunately, in my case these two exhibits 41D and 41E are sealed.

Curiously, I have also found Document 21-1 Exhibit 1 ( paragraph "August September 2008", page 72) infers some type of conflict between the DOD and State Department, but any further comment is redacted. Please review this document again. It pertains to the pardon process as I am in contact with the State department and hoping for a fruitful/favorable response regarding Peter's support to Ambassador Reno Harnish during Peter's deployment in Baku, Azerbaijan.

I am enclosing two documents: 1.) Peter's letter (dated August 1, 2004, a five-page memo, "response to adverse Officer Evaluation Report from Peter's 201 file) 2.) (the June 4, 2004, DA 67-9 Officer Evaluation Report).

I think the two documents were excluded in Peter's case documents, which I cannot be sure, due to redactions and sealed classification, although it was not mentioned or referred to, at all. I think the two documents which I have enclosed may directly or indirectly be related to Document 21-1 (Exhibit 1, paragraph "August September 2008 ", page 72 and Document 1 A11. Please determine if the two documents I have included impact any court proceedings. The enclosed two documents may be similar to the January 10 adjudicator letter (referenced in Document 1, J60), which cautioned Peter but nonetheless allowed recertification of TS-SCI.

In closing, I want you to be aware of the two enclosed documents. And, I am reminding you to make sure you have reviewed Documents 41D and 41E per the instruction in Document 41 (pg 9, A6 paragraph 2: ("Through the Classified Information Security Officer, the Government has filed two classified declarations for the Court' review...").

I think you have been misinformed by the prosecution.

Sincerely with High Regards,

*David L. DebVine* [signature]

ENC:

1.) Peter's letter (dated August 1, 2004, a five-page memo, "response to adverse Officer Evaluation Report from Peter's 201 file)

2.) the June 4, 2004, DA 67-9 Officer Evaluation Report