IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

PETER RAFAEL DZIBINSKI ),
DEBBINS, ) CRIMINAL CASE 1:20-CR-193
PETITIONER, ) CIVIL ACTION 1:22-CV-991
)
v.
UNITED STATES OF AMERICA, )
RESPONDENT. ) THE HONORABLE CLAUDE M. HILTON
)

MOTION TO REQUEST AN EVIDENTIARY HEARING
ON PETITIONER'S SENTENCE

I, PETER DEBBINS, PETITIONER, BEING DULY SWORN UNDER PENALTY OF PERJURY SWEAR THAT THE FOLLOWING FACTS ARE TRUE:

I RESPECTFULLY REQUEST THIS HONORABLE COURT ORDER AN EVIDENTIARY HEARING ON THE GOVERNMENT'S ELONGATION OF THE OFFENSE AND SENTENCE BASED ON THE CONJECTURE THAT I WAS IN A CONSPIRACY POST-2010 UNTIL MY ARREST IN 2020.

THIS MOTION SEEKS TO ENLARGE, SUPPLEMENT, AND AMEND MY 2255 PETITION, FILED PRO SE ON AUGUST 25, 2022 (COURT DOCKET #90), BASED UPON "INEFFECTIVE ASSISTANCE

PAGE 1 OF 7

OF COUNSEL" AND "ACTUAL INNOCENCE." HARM OF A CONSTITUTIONAL DIMENSION WHOSE FACTS AND EVIDENCE WERE UNAVAILABLE DURING THE PENDENCY OF THE ORIGINAL 2255 PETITION; — CASE LAW AND MEDICAL INFORMATION DIRECTLY SUPPORTS THE ASSERTIONS MADE IN THE ORIGINAL 2255 PETITION — WHICH CAUSED A "FUNDAMENTAL DEFECT INHERENTLY RESULTING IN A COMPLETE MISCARRIAGE OF JUSTICE" (SEE U.S. V. CARTER, 117 F.3d 262, 264 (5TH CIR. 1997)).

  THIS MOTION/REQUEST IS MADE IN ACCORD WITH FEDERAL RULE OF CIVIL PROCEDURE 15: "A PARTY MAY MOVE - AT ANYTIME, EVEN AFTER JUDGEMENT — TO AMEND THE PLEADING TO CONFORM TO THE NEWLY DISCOVERED EVIDENCE AND TO RAISE AN UNPLEADED ISSUE" (FED. R. CIV. P. 15(b)(2)) WHICH RELATES BACK TO THE "COMMON CORE OPERATIVE FACTS" ("INEFFECTIVE ASSISTANCE OF COUNSEL" AND "ACTUAL INNOCENCE") OF THE PREVIOUS CLAIM PURSUANT TO RULE 15(c).

  THIS MOTION "ASSERTS A DIRECT CLAIM AND DEFENSE THAT AROSE FROM THE CONDUCT AND OPERATIVE FACTS SET OUT IN THE ORIGINAL PLEADING" (FED. R. CIV. P. 15(c)(1)(B)) (EMPHASIS ADDED).

Throughout every multiple and coercive interrogations by the government I consistently and vociferously maintained that no conspiracy nor nefarious activities occurred after my alleged and delusional claims of conspiracy from 1996 to 2010. I maintained these claims to my counsel as well as repeatedly told counsel that the alleged 1996 to 2010 conspiracy was a delusion caused by a serious undiagnosed and untreated neurological illnesses.

The government requested a 17 year sentence based on their erroneous conjecture that the alleged conspiracy existed prior to 1996 and beyond 2010, and outside of the Russian Federation.

At the post-sentencing proffer sessions and prior to receiving medication I continued to assert that no conspiracy occurred despite the numerous veiled attempts at magnanimous psychological pressure, the government did not produce a scintilla nor iota of evidence supporting their conjecture of a post-2010 conspiracy.

CASE 1:20-CR-193                                    PAGE 4 OF 7

THE GOVERNMENT FOUND NO EVIDENCE OF NEFARIOUS ACTIVITIES BECAUSE THERE NEVER WAS A CONSPIRACY FROM 1996 TO 2010 TO FORM A FURTHER CONSPIRACY. YET THE GOVERNMENT ASKED FOR AN ELONGATED SENTENCE BASED ON THE FALSE CONJECTURE.

I INFORMED MY COUNSEL ON NUMEROUS OCCASIONS THAT MY FABLE OF BEING IN A CONSPIRACY FROM 1996 TO 2010 WAS A PRODUCT OF DELUSIONS, WHICH ~~WAS~~ WAS VALIDATED BY MY DIAGNOSIS OF A MOST SERIOUS NEUROLOGICAL DISEASE, A DIAGNOSIS WHICH MY COUNSEL DID NOT PROVIDE ME UNTIL THE EVE OF MY SENTENCING. A DIAGNOSIS WHICH SUPPORTED MY ASSERTION OF INNOCENCE.

THE GOVERNMENT ITSELF HAS NEVER PRODUCED ANY EVIDENCE THAT "IVAN", WHOM I MET IN 2008 AND 2010, AND EMAILED SEVERAL TIMES, WAS AFFILIATED WITH RISS, NOR DID THE GOVERNMENT EVINCE THAT VADYM MALEEV (WHOM I DECLARED ON MY SECURITY CLEARANCE PROCESS) WAS AFFILIATED WITH RISS.

AT THE NUMEROUS INTERROGATIONS WITH THE FBI, THE AGENTS COULD NOT BELIEVE THAT MY ALLEGED, DELUSIONAL

CASE 1:20-CR-193                                    PAGE 5 OF 7

MEETINGS WITH RISS OCCURRED AS I DESCRIBED, MAINLY THAT THESE ENCOUNTERS WERE BEREFT OF INTELLIGENCE TRADECRAFT AND ALCOHOL INFUSED. BECAUSE IN REALITY I DID NOT KNOWINGLY MEET WITH RISS, INSTEAD I MET WITH INNOCUOUS RUSSIANS. THE ALLEGED 1996 TO 2010 CONSPIRACY WAS A DELUSION DUE TO MENTAL ILLNESSES, AND AS A MATTER OF FACT NEVER OCCURRED.

    I PLEADED WITH COUNSEL TO POLYGRAPH ME AS A MEANS TO SUPPORT MY ASSERTIONS, THAT ABSOLUTELY NO CRIMINALITY OCCURRED POST-2010. MY COUNSEL WAS INEFFECTIVE IN ASSISTING IN VIOLATION OF MY 6TH AMENDMENT RIGHTS.

    MY SENTENCE IS GREATER THAN OTHERS SIMILARILY SITUATED, AND I AM INNOCENT.

    I RESPECTFULLY ASK THIS COURT TO ADJUST THIS SENTENCE. PER FBOP POLICY AND ASSESSMENT I WAS ASSIGNED TO A LOW CUSTODY FCI, ELIGIBLE TO BE ASSIGNED TO A CAMP. WHILE I WAS AT THE LOW-FCI THE GOVERNMENT ARBITRARILY AND WITHOUT CAUSE MOVED ME TO THE MOST ONEROUS CONDITIONS IN THE FBOP —

ADMAX, FLORENCE, CO — MAKING MY SENTENCING DRASTICALLY EXCEED THIS COURT'S CONSIDERATION AND DECISION OF WHAT PUNISHMENT TO SUBJECT ME TO. BUT EVEN AT THE ADX I AM ASSIGNED TO THE SOLE POSITION AS THE UNIT'S COMMON AREA CUSTODIAN IN WHICH I AM IN THE PRESENCE OF FBOP STAFF WITHOUT BEING HANDCUFFED. WHICH MEANS THE FBOP DOES NOT CONSIDER ME IN ANY WAY AS A THREAT OR HAZARD.

    TO SUMMARIZE I RESPECTFULLY ASK THIS COURT TO ADJUST OR SUMMARILY END MY SENTENCE, OR ORDER AN EVIDENTIARY HEARING DUE TO THESE CONSIDERATIONS:

    A) COMPLETE LACK OF EVIDENCE THAT A CONSPIRACY OCCURRED BETWEEN 1996 TO 2010.

    B) COMPLETE LACK OF EVIDENCE THAT A CONSPIRACY OCCURRED POST-2010, WHICH WAS THE BASIS OF THE GOVERNMENT ASKING FOR AN ELONGATED 17 YEAR SENTENCE.

    C) COMPLETE LACK OF EVIDENCE THAT HARM OCCURRED DURING THE TIME (1996 TO 2010) OF THE ALLEGED CONSPIRACY.

    D) THE CHANGE OF DETENTION STATUS FROM AN

CASE 1:20-CR-193                    PAGE 7 OF 7

FCI-LOW, TO THE MOST ONEROUS AND PUNITIVE CONDITIONS

IN THE FBOP — THE ADX,-FLORENCE, COLORADO.

                              RESPECTFULLY SUBMITTED,

DATE: AUGUST 27, 2024        *[signature]*
                              PETER DEBBINS
                              05852509
                              USP ADMAX
                              P.O. BOX 8500
                              FLORENCE, CO 81226-8500